**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

```
-------------------------------------------------------------------x
                                                  :    No. 3:14-cv-00682-JRS
                                                  :
IN RE GENWORTH FINANCIAL INC.                     :    Hon. James R. Spencer
SECURITIES LITIGATION                             :
                                                  :
                                                  :
-------------------------------------------------------------------x
```

**LEAD PLAINTIFFS' NOTICE OF RECENT AUTHORITY IN FURTHER
SUPPORT OF THEIR OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

**LAW OFFICES OF
SUSAN R. PODOLSKY**
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
Telephone: (571) 366-1702
Facsimile: (703) 647-6009


**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**
12481 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: (858) 793-0070
Facsimile:  (858) 793-0323

**BLEICHMAR FONTI
TOUNTAS & AULD LLP**
7 Times Square, 27th Floor
New York, New York 10036
Telephone: (212) 789-1340
Facsimile:  (212) 205-3960

*Counsel for Lead Plaintiffs and the Class*

Lead Plaintiffs, Her Majesty the Queen in Right of Alberta and Fresno County Employees' Retirement Association, submit this Notice of Recent Authority to draw the Court's attention to recent authority from the United States Court of Appeals for the Fourth Circuit that relates directly to Defendants' arguments in their motion to dismiss (the "Motion"). In *Zak v. Chelsea Therapeutics Int'l, Ltd.*, No. 13-2370, 2015 WL 1137142 (4th Cir. Mar. 16, 2015) ("*Chelsea*"), the Fourth Circuit reversed the district court's dismissal of a complaint alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. *Id.* at *1. The decision is attached hereto as Exhibit A. *Chelsea* is relevant to the Motion for each of the following reasons:

*First*, in seeking dismissal of the Complaint, Defendants introduced in their Motion their own version of the facts, which was drawn, in large part, from documents not cited in the Complaint. *See* Opposition at 4 (citing Mot. at 5-12). As the Fourth Circuit reaffirmed in *Chelsea*, this tactic is improper. At the pleading stage, district courts "should focus their inquiry on the sufficiency of the facts relied upon by the plaintiffs in the complaint" and "must construe such facts [from the public record] in the light most favorable to the plaintiffs." *Chelsea* at *7. The *Chelsea* Court further explained that "[c]onsideration of extrinsic documents by a court during the pleading stage of litigation improperly converts the motion to dismiss into a motion for summary judgment" and that "[t]his conversion is not appropriate when the parties have not had an opportunity to conduct reasonable discovery." *Id.* (citation omitted).

*Second*, in moving to dismiss the Complaint, the Individual Defendants asserted that they lacked a personal "motive" to violate the securities laws. *See* Opposition at 25, 28 (citing Mot. at 29-30). As the Fourth Circuit reaffirmed in *Chelsea*, however, proof of personal "stock sales by the defendants" or motive is not required to show scienter; rather, allegations of recklessness

are enough. *Chelsea* at \*6, \*8 ("allegations of unusual stock sales are not required to demonstrate a strong inference of scienter in a securities fraud case"). On this subject, the Court further reaffirmed that an "inference of intentional or reckless conduct" is shown where plaintiffs allege "that material, non-public information known to the defendants about the [truth] conflicted with the defendants' public statements on those subjects." *Id.* at \*10.

*Finally*, in moving to dismiss the Complaint, Defendants pointed to their purported "risk disclosures" and argued that they had no duty to disclose further facts concerning their purported Long-Term Care Review. *See* Opposition at 23-25 (citing Mot. at 24-27). However, as the Court reaffirmed in *Chelsea*, "while [defendants] may have lacked an independent, affirmative duty to disclose the [undisclosed information], the defendants' failure to do so must be viewed under Section 10(b) and Rule 10b-5(b) in the context of the statements that they affirmatively elected to make." *Chelsea* at \*9. When a company makes statements to investors, those statements must be complete and truthful. *See id.*

In sum, the Fourth Circuit's recent decision in *Chelsea* further supports the denial of Defendants' motion to dismiss the Complaint.

DATED: March 18, 2015

By: /s/ *Susan R. Podolsky*
Susan R. Podolsky (Va. Bar No. 27891)
**LAW OFFICES OF SUSAN R. PODOLSKY**
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
Telephone: (571) 366-1702
Facsimile: (703) 647-6009
spodolsky@podolskylaw.com

*Local Counsel for Lead Plaintiffs Her Majesty the Queen in Right of Alberta and Fresno County Employees' Retirement Association*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
David R. Stickney (admitted *pro hac vice*)
Jonathan D. Uslaner (admitted *pro hac vice*)
Brandon Marsh (admitted *pro hac vice*)
12481 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: (858) 793-0070
Facsimile:  (858) 793-0323
davids@blbglaw.com
jonathanu@blbglaw.com
brandon.marsh@blbglaw.com

   -and-

Gerald H. Silk (admitted *pro hac vice*)
Avi Josefson (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 554-1400
Facsimile:  (212) 554-1444
jerry@blbglaw.com
avi@blbglaw.com

*Counsel for Lead Plaintiff Fresno County Employees' Retirement Association and Co-Lead Counsel for the Class*

**BLEICHMAR FONTI TOUNTAS & AULD LLP**
Dominic J. Auld (admitted *pro hac vice*)
Joseph A. Fonti (admitted *pro hac vice*)
Stephen W. Tountas (admitted *pro hac vice*)
Cynthia Hanawalt (admitted *pro hac vice*)
Jeffrey R. Alexander (admitted *pro hac vice*)
7 Times Square, 27th Floor
New York, New York 10036
Telephone: (212) 789-1340
Facsimile:  (212) 205-3960
dauld@bftalaw.com
jfonti@bftalaw.com
stountas@bftalaw.com
chanawalt@bftalaw.com
jalexander@bftalaw.com

*Counsel for Lead Plaintiff Her Majesty the Queen in Right of Alberta and Co-Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2015, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

DATED: March 18, 2015

                                            /s/ *Susan R. Podolsky*_____
                                            Susan R. Podolsky (Va. Bar No. 27891)