# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| ------------------------------------------------------------------ x : : IN RE GENWORTH FINANCIAL INC. : SECURITIES LITIGATION : : : : ------------------------------------------------------------------ x | | No. 3:14-cv-00682-JRS<br><br>Hon. James R. Spencer |

## LEAD PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**LAW OFFICES OF**
**SUSAN R. PODOLSKY**
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
Telephone: (571) 366-1702
Facsimile: (703) 647-6009

| | |
|---|---|
| **BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**<br>12481 High Bluff Drive, Suite 300<br>San Diego, California 92130<br>Telephone: (858) 793-0070<br>Facsimile: (858) 793-0323 | **BLEICHMAR FONTI TOUNTAS & AULD LLP**<br>7 Times Square, 27th Floor<br>New York, New York 10036<br>Telephone: (212) 789-1340<br>Facsimile: (212) 205-3960 |

*Counsel for Lead Plaintiffs and the Proposed Class*

Lead Plaintiffs respectfully submit this Supplemental Memorandum of Law to address the Supreme Court's recent decision in *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 2015 WL 1291916 (Mar. 24, 2015) ("*Omnicare*"). *Omnicare* holds that a defendant is liable for false and misleading statements of opinion in any of three circumstances: (i) the "supporting fact[s]" provided for the stated opinion are false or misleading; (ii) the speaker omits facts showing that it lacked a reasonable basis for the stated opinion; *or* (iii) the stated opinion is not genuinely held. Applied here, *Omnicare* further supports Lead Plaintiffs' opposition to Defendants' motion to dismiss (the "Opposition" or "Opp.").[1]

First, the vast majority of Defendants' misrepresentations in this case are affirmative misstatements of fact, *not* opinions. *See* Opp. at 2, 11-23. As the Supreme Court explained, "[a] fact is 'a thing done or existing' or '[a]n actual happening,'" and includes qualitative representations such as the "the coffee is hot." *Omnicare* at *5. A statement may only become one of "opinion" if the speaker expresses uncertainty by using a prefatory phrase such as "I believe" or "I think." *Id*. at *6.[2] In this case, Defendants expressed certainty about past or present facts when they affirmatively misrepresented: (i) the scope of their reserve review; (ii) the timeliness and credibility of data used for the review; (iii) Genworth's financial results; and (iv) the effectiveness of Genworth's internal controls. *See* Opp. at 3, 12-19. Defendants also stated unequivocally that they held "adequate" reserves. *See*, *e.g.*, ¶128 ("I want to note that Genworth holds more than adequate reserves to satisfy policyholder claims."). Under *Omnicare*,

---

[1] All capitalized terms are defined in Lead Plaintiffs' Opposition (ECF No. 58). All emphasis is added.

[2] In *Omnicare*, the Court found potentially actionable defendants' stated opinions contained in two sentences of a SEC filing that expressed Omnicare's belief that it was in compliance with applicable federal and state laws. *Id*. at *4. The case for liability here is even stronger, as Defendants consistently emphasized throughout the Class Period that Genworth's reserves were adequate and supported by contemporaneous data. *See*, *e.g.*, ¶¶46-47, 50-51, 58.

these are all misstatements of fact—not opinions.

Second, the Supreme Court flatly rejects Defendants' lead argument that statements of opinion are actionable only if they are "not genuinely believed by the speaker." *See, e.g.,* Mot. at 3, 13-14; Reply Memorandum of Law in Support of Defendants' Motion to Dismiss (ECF No. 63) at 5 (arguing repeatedly that subjective falsity is a requirement for alleging a statement of opinion under Section 10(b)).[3] To the contrary, *Omnicare* confirms that liability attaches "not only if the speaker did not hold the belief she professed *but also if the supporting fact she supplied were untrue.*" *Omnicare* at *6. As the Supreme Court explained, statements that "begin with opinion words like 'I believe' [still] contain embedded statements of fact" and "the resulting statements . . . remain perfectly capable of misleading investors." *Id*. at *6, 9.

Here, Defendants misrepresented the "supporting fact[s]" underlying their repeated assertions that the Company held "adequate" reserves. *See* Opp. at 20-23. As set forth in the Complaint, Defendants underscored the "adequacy" of Genworth's reserves by falsely grounding such statements in the findings of a purportedly "intensive, very broad and deep review" of Genworth's reserves, based on "current data." *Id*. For example, during the December 2013 Presentation, Defendant McInerney specifically assured shareholders that:

> [A]s I said, we did, over the last four months a very thorough, deep, broad review of the long term care business, looking at everything. Marty [Klein, CFO] and I have been working with Pat and his team to look at every aspect, both new business reserves, the old book, and looking at the old book by policy year. So we've done an extensive review. And while we have been saying for some time that *we believe the reserves were adequate* with a

---

[3] Plaintiffs' Opposition explains the reasons why Defendants misconstrue the Second Circuit's findings in *Fait v. Regions Fin. Corp.*, 655 F.3d 105 (2d Cir. 2011). Opp. at 21-22. *Omnicare* confirms that *Fait* incorrectly required a showing of subjective falsity for alleging a statement of opinion. *Omnicare* at *4-5. *See also Freidus v. ING Groep NV*, 2015 WL 1400851 (U.S. Mar. 30, 2015) (remanding Second Circuit's dismissal of complaint under Rule 12(b)(6) pursuant to *Fait* in light of the Supreme Court's decision in *Omnicare*).

> margin. We're now saying, or I said today, that after this four month extensive review, we're more confident than we've ever been that the reserves are adequate, with a comfortable margin.

¶ 117; *see also* ¶¶ 48-55, 116, 121. Consistent with *Omnicare*, Defendants' occasional inclusion of opinion words when describing the "adequacy" of their reserves does not immunize them from liability for misstating these "supporting fact[s]." *See* Opp. at 12-15.

Third, *Omnicare* confirms that Defendants separately may be held liable for their misrepresentations about Genworth's "adequate" reserves because they omitted "fact[s] show[ing] that [the speaker] lacked the basis for making those [opinion] statements that a reasonable investor would expect." *Omnicare* at *12; *accord Arnlund v. Smith*, 210 F. Supp. 2d 755, 765 (E.D. Va. 2002) (Spencer, J.) (reasoning that a defendant's misstatements are actionable under Section 10(b) where "there were no reasonable grounds for the belief").

When assuring investors about Genworth's "adequate" reserves in this case, Defendants omitted material facts about the basis for their stated opinions, including that the (i) Company's last in-depth reserve review was conducted in mid-2012, over one year earlier; (ii) prior review was based on outdated experience data from May 2010, over three years earlier; and (iii) Company's last three years of experience data reflected a 32% increase in average claim duration that necessitated a half-billion dollar increase in reserves. Opp. at 12, 16, 20-23.

These omissions were particularly significant given the context in which Defendants made their assertions about Genworth's "adequate" reserves. *See Omnicare* at *9 ("[W]hether an omission makes an expression of opinion misleading always depends on [its] context."). Defendants omitted the true facts at a time when investor attention was intensely focused on the adequacy of Genworth's reserves due to widespread difficulties in the industry (¶¶28-31) and while Defendants were touting their "very intensive, broad and deep review" of "all aspects" of the Company's long-term care insurance business through statements that:

- "Our long-term-care review considered *all important aspects* of the business" and "[a] key focus has been on assessing our reserving process, and the assumptions used to establish both the active and disabled life reserves" (¶52);

- All data supporting the conclusions of the December 2013 Presentation was "*credible*" and current "*as of September 30, 2013*" (¶¶53-55, 122); and

- Both McInerney and Klein "spent enormous amounts of [] time" preparing for the December 2013 Presentation and "dug into" the reserve analysis and "underst[ood] how it all works and how all of the risks work" (¶¶55, 151).

In the context of these representations, no reasonable investor could have possibly understood that Defendants' broad, affirmative statements were rendered false by the material omissions described above. Accepting Defendants' contrary view "would punch a hole in the statute for half-truths in the form of opinion statements." *Omnicare* at \*9.

Finally, under *Omnicare*, opinion statements are also actionable if the speaker did not genuinely believe them, which may be shown through circumstantial evidence. The Complaint here, having raised a strong inference of scienter (*see, e.g.*, Opp. at 12-16), amply alleges that Defendants' statements about the adequacy of Genworth's reserves were not genuinely held; Defendants knowingly understated Genworth's reserves by calculating them based on data from three years earlier that did not account for a 32% increase in the average length of claim. Yet, Defendants used the Company's current experience data of three years when it suited them, including when they targeted consumers to purchase longer policies and sought rate increases from policymakers. *Id.* at 27-28.

\*   \*   \*

For the reasons set forth above and in the Opposition, Lead Plaintiffs respectfully submit that the Court should deny Defendants' Motion to Dismiss.

4

DATED: April 7, 2015

By: /s/ Susan R. Podolsky
Susan R. Podolsky (Va. Bar No. 27891)
**LAW OFFICES OF SUSAN R. PODOLSKY**
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
Telephone: (571) 366-1702
Facsimile: (703) 647-6009
spodolsky@podolskylaw.com

*Local Counsel for Lead Plaintiffs Her Majesty the Queen in Right of Alberta and Fresno County Employees' Retirement Association*

| | |
|---|---|
| **BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP** | **BLEICHMAR FONTI TOUNTAS & AULD LLP** |
| David R. Stickney (admitted *pro hac vice*) | Dominic J. Auld (admitted *pro hac vice*) |
| Jonathan D. Uslaner (admitted *pro hac vice*) | Joseph A. Fonti (admitted *pro hac vice*) |
| Brandon Marsh (admitted *pro hac vice*) | Stephen W. Tountas (admitted *pro hac vice*) |
| 12481 High Bluff Drive, Suite 300 | Jeffrey R. Alexander (admitted *pro hac vice*) |
| San Diego, California 92130 | 7 Times Square, 27th Floor |
| Telephone: (858) 793-0070 | New York, New York 10036 |
| Facsimile: (858) 793-0323 | Telephone: (212) 789-1340 |
| davids@blbglaw.com | Facsimile: (212) 205-3960 |
| jonathanu@blbglaw.com | dauld@bftalaw.com |
| brandon.marsh@blbglaw.com | jfonti@bftalaw.com |
| | stountas@bftalaw.com |
| *Counsel for Lead Plaintiff Fresno County Employees' Retirement Association and Co-Lead Counsel for the Class* | jalexander@bftalaw.com |
| | *Counsel for Lead Plaintiff Her Majesty the Queen in Right of Alberta and Co-Lead Counsel for the Class* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2015, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

DATED: April 7, 2015

>/s/ Susan R. Podolsky
>Susan R. Podolsky (Va. Bar No. 27891)
>**LAW OFFICES OF SUSAN R. PODOLSKY**
>1800 Diagonal Road, Suite 600
>Alexandria, Virginia 22314
>Telephone: (571) 366-1702
>Facsimile: (703) 647-6009
>spodolsky@podolskylaw.com
>
>*Local Counsel for Lead Plaintiffs Her Majesty the Queen in Right of Alberta and Fresno County Employees' Retirement Association*