IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE GENWORTH FINANCIAL INC. SECURITIES LITIGATION | No. 3:14-CV-00682-JRS |

**DEFENDANTS' SUPPLEMENTAL BRIEF ADDRESSING**
*OMNICARE INC. V. LABORERS DIST. COUNCIL CONSTR. INDUS. PENSION FUND*

*Of Counsel:*

Greg A. Danilow (*pro hac vice*)
Caroline Hickey Zalka (*pro hac vice*)
Robert S. Ruff III (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
Fax: (212) 310-8007
greg.danilow@weil.com
caroline.zalka@weil.com
robert.ruff@weil.com

Anne Marie Whittemore (Va. Bar No. 09221)
Brian E. Pumphrey (Va. Bar No. 47312)
Ryan D. Frei (Va. Bar No. 70996)
MCGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA 23219-4030
Tel: (804) 775-4359
Fax: (804) 698-2206
awhittemore@mcguirewoods.com
bpumphrey@mcguirewoods.com
rfrei@mcguirewoods.com

*Counsel for Defendants Genworth Financial, Inc., Thomas J. McInerney, and Martin P. Klein*

Dated: April 7, 2015

Defendants' motion to dismiss showed that Plaintiffs' fraud claims brought under Section 10(b) of the Securities Exchange Act of 1934 may be dismissed on any one of the following grounds: (i) Plaintiffs fail to plead particularized facts demonstrating that Defendants fraudulently or recklessly acted to deceive investors; (ii) Plaintiffs fail to plead a cogent and compelling inference of scienter, as required by the Supreme Court in *Tellabs*; (iii) Defendants' forward-looking statements are protected by the PSLRA safe harbor; and (iv) Plaintiffs fail to plead that Defendants' statements were false when made. In *Omnicare Inc. v. Laborers District Council Construction Industry Pension Fund*, 2015 WL 1291916 (Mar. 24, 2015), the United States Supreme Court addressed a non-fraud claim under Section 11 of the Securities Act of 1933 and analyzed whether a present-tense (not forward-looking) opinion may be rendered actionably false by the omission of a material fact concerning the basis for the opinion that an investor would reasonably expect the speaker to hold. *Omnicare* has no bearing on the first three grounds for dismissal. With respect to the fourth ground, *Omnicare* supports that: (i) Defendants' statements about DLR adequacy are opinions; (ii) an opinion may be actionable if the speaker does not genuinely believe it (which Plaintiffs fail to plead); and (iii) an opinion may be rendered false by omission of material facts (which Plaintiffs also fail to plead).

### *Omnicare* Has No Impact Upon the Majority of Defendants' Grounds for Dismissal

Scienter – the intent to defraud – lies at the heart of every securities fraud claim. As set forth in Defendants' briefs, Plaintiffs' claims must be dismissed because the complaint fails to plead particularized facts supporting a strong inference of scienter. *See* Dkt. No. 54 at 27-30; Dkt. No. 63 at 15-20. *Omnicare*, however, addressed a Section 11 claim, for which, as the Supreme Court expressly noted, a plaintiff need not prove that "the defendant acted with any intent to deceive or defraud." 2015 WL 1291916, at *4. *Omnicare* thus does not change the rule

that a Section 10(b) claim requires an inference of scienter that is "more than merely plausible or reasonable" and "cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007). Here, the more cogent and compelling explanation of the facts alleged is that the underlying DLR assumptions Genworth put in place in Q3 2012 held up under quarterly testing through 2013 until Genworth observed adverse claim experience in Q2 2014. Dkt. No. 54 at 30. This more compelling non-fraudulent explanation requires dismissal under *Tellabs*, which *Omnicare* did not modify.

In addition, the challenged opinions in *Omnicare* reflected beliefs about current events, such as "we believe we are obeying the law." 2015 WL 1291916, at *7. As a result, *Omnicare* did not analyze the PSLRA safe harbor for forward-looking statements. But Plaintiffs here challenge forward-looking opinions projecting the future costs of LTC claims. Such statements are protected by the PSLRA safe harbor because Plaintiffs have failed to plead that Defendants spoke with *actual knowledge* of the statements' falsity. *See* 15 U.S.C. § 78u-5(c)(1)(B); Dkt. No. 63 at 14-15.[1] *Omnicare* did not address the speaker's state of mind, but rather whether the speaker "omit[ted] material facts about the [speaker's] inquiry into or knowledge concerning a statement of opinion, and if those facts conflict with what a reasonable investor would take from the statement itself." 2015 WL 1291916, at *8. *Omnicare*'s inquiry focuses on whether there was adequate disclosure of the risk that the opinion could be wrong; not on whether the speaker genuinely believed his or her opinion. Indeed, what a reasonable investor might expect with respect to the basis underlying an opinion is irrelevant to a determination about whether the speaker actually knew his or her opinion was false.

---

[1] Defendants' statements about DLR adequacy are also protected by the PSLRA safe harbor for forward-looking statements accompanied by meaningful cautionary language, independent of any other ground for dismissal. Dkt. No. 54 at 24-27; Dkt. No. 63 at 12-15.

### *Omnicare* Confirms Plaintiffs' Failure to Plead That Defendants' Opinions Were False

*Omnicare* supports Defendants' arguments that their statements about the DLR's adequacy are opinions, for which Plaintiffs fail to plead subjective and objective falsity.

*First*, *Omnicare*'s clear distinction between (i) opinions reflecting the speaker's "belief[,] a view," and (ii) factual statements reflecting "a thing done or existing" or "[a]n actual happening" (2015 WL 1291916, at *5) confirms that Defendants' estimates of future costs of LTC claims are expressions of opinion. These estimates do not "express[] certainty" (*id.*), but rather "require significant judgment and, therefore, are inherently uncertain." Dkt. No. 54 at 26.

*Second*, *Omnicare* states that every expression of opinion "explicitly affirms one fact: that the speaker actually holds the stated belief." 2015 WL 1291916, at *6. Thus, an opinion statement is a false statement if the speaker does not "actually hold[] the stated belief." *Id.* This is consistent with Fourth Circuit law. *See Nolte v. Capital One Fin. Corp.*, 390 F.3d 311, 315-16 (4th Cir. 2004). As Defendants showed, Plaintiffs have failed to plead facts demonstrating subjective disbelief. Dkt. No. 54 at 13-14; Dkt. No. 63 at 4-5.

*Finally*, the Supreme Court directly addressed how to determine whether the omission of a material fact renders an opinion false. The Supreme Court's answer to this question requires investors to "identify particular (and material) facts going to the basis for the [speaker's] opinion – facts about the inquiry the [speaker] did or did not conduct or the knowledge it did or did not have – whose omission makes the opinion statement at issue misleading to a reasonable person reading the statement fairly and in context." *Omnicare*, 2015 WL 1291916, at *10. For the following reasons, Plaintiffs do not satisfy these pleading requirements.[2]

---

[2] *Omnicare* does not hold that a speaker's opinion must be supported by a reasonable basis. Rather, the Supreme Court reasoned that "a reasonable investor may, depending on the circumstances, understand an opinion statement to convey facts about how the speaker has formed the opinion – or, otherwise put, about the speaker's basis for holding that view. And if

The Supreme Court's reasoning does not support the contention that Defendants' statements of genuinely held opinions are nonetheless false because, according to Plaintiffs, Defendants "omitted" that Genworth's Q3 2013 review of its LTC business did not include a DLR review as deep as the DLR review conducted one year earlier (in Q3 2012). Compl. ¶¶ 115. Plaintiffs have not identified any representation by Defendants that Genworth annually conducts a DLR review like the one conducted in Q3 2012. Dkt. No. 63 at 7-9. Plaintiffs have identified no GAAP or other rule requiring Genworth to conduct an in-depth DLR review annually. *See id.* at 9-10. And Defendants' December 2013 presentation, which discussed the Q3 2013 review, "focused on the overall LTC business and active life reserve (ALR) margin testing" and contained just one statement about the DLR. *Id.* at 7. In short, no pleaded facts show that a reasonable investor would have expected that Defendants' opinion about DLR adequacy during the class period was based on a DLR review as deep as that conducted in Q3 2012, or that the failure to include a disclaimer to that effect was "misleading to a reasonable person reading the statement fairly and in context," as *Omnicare* requires. 2015 WL 1291916, at *10.

In any event, even assuming, *arguendo*, that the complaint adequately pleads falsity, Defendants' motion should still be granted because Plaintiffs have failed to plead scienter, failed to satisfy *Tellabs*, and failed to plead facts that would overcome the congressionally mandated safe harbor for forward-looking statements.

---

the real facts are otherwise, *but not provided*, the opinion statement will mislead its audience." 2015 WL 1291916, at *8 (emphasis added). *Omnicare* thus addresses the appropriate disclosure necessary to make the omission of a fact not misleading, not whether the speaker's opinion is supported by a reasonable basis. In any event, no pleaded facts show that Defendants' opinions about the DLR, which were supported by quarterly hindsight testing, lacked a reasonable basis. Dkt. No. 54 at 20-22; Dkt. No. 63 at 5-6.

Dated: April 7, 2015
       Richmond, Virginia

                                                              Respectfully submitted,

                                                              /s/

| | |
|---|---|
| *Of Counsel:* | Anne Marie Whittemore (Va. Bar No. 09221) |
| | Brian E. Pumphrey (Va. Bar No. 47312) |
| Greg A. Danilow (*pro hac vice*) | Ryan D. Frei (Va. Bar No. 70996) |
| Caroline Hickey Zalka (*pro hac vice*) | MCGUIREWOODS LLP |
| Robert S. Ruff III (*pro hac vice*) | One James Center |
| WEIL, GOTSHAL & MANGES LLP | 901 East Cary Street |
| 767 Fifth Avenue | Richmond, VA 23219-4030 |
| New York, NY 10153 | Tel: (804) 775-4359 |
| Tel: (212) 310-8000 | Fax: (804) 698-2206 |
| Fax: (212) 310-8007 | awhittemore@mcguirewoods.com |
| greg.danilow@weil.com | bpumphrey@mcguirewoods.com |
| caroline.zalka@weil.com | rfrei@mcguirewoods.com |
| robert.ruff@weil.com | |
| | *Counsel for Defendants Genworth Financial, Inc., Thomas J. McInerney, and Martin P. Klein* |

5

**CERTIFICATE OF SERVICE**

I certify that on this 7th day of April, 2015, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

/s/
Anne Marie Whittemore (Va. Bar No. 09221)
Brian E. Pumphrey (Va. Bar No. 47312)
Ryan D. Frei (Va. Bar No. 70996)
MCGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA 23219-4030
Tel: (804) 775-4359
Fax: (804) 698-2206
awhittemore@mcguirewoods.com
bpumphrey@mcguirewoods.com
rfrei@mcguirewoods.com

*Counsel for Defendants Genworth Financial, Inc., Thomas J. McInerney, and Martin P. Klein*