**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| IN RE GENWORTH FINANCIAL INC. SECURITIES LITIGATION | No. 3:14-CV-00682-JAG |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO REINSTATE STAY OF DISCOVERY**

Defendants Genworth Financial, Inc. ("Genworth"), Thomas J. McInerney, and Martin P. Klein respectfully submit this memorandum of law in support of their motion to reinstate the Court's September 28, 2015 stay of discovery.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In addition, Federal Rule of Civil Procedure 26(c)(1) provides that a "court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; [or] (B) specifying terms, including time and place, for the disclosure or discovery." Where good cause is shown by the moving party, Rule 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

For the reasons explained by the Court at the September 28, 2015 pretrial conference and as set forth below, good cause exists to stay deposition discovery of any of Genworth's current and former employees and directors in the securities action. This stay would not affect the

current proposed schedule for document production, written discovery, the depositions of Plaintiffs and their advisors, and class certification experts and briefing.

At the September 28 conference, the Court ordered that this case and the four related derivative actions be consolidated for discovery purposes. (Sept. 28, 2015 Tr. at 53.) The Court also ordered that discovery in this case be stayed until the Court ruled on a motion to dismiss the forthcoming consolidated derivative complaint. (*Id.* at 55.) The stay of discovery addressed the Court's concern that discovery in the securities and derivative actions – which significantly overlap in terms of those actions' allegations relating to Genworth's long-term care business – would otherwise proceed on separate, duplicative tracks, resulting in "the people at Genworth having to do the same thing twice, or almost the same thing twice with slightly different parameters." (*Id.* at 57.) The Court's concern is legitimate, obviously shared by Genworth, and was not disputed by any plaintiff at the September 28 hearing.

In an email sent on September 30, 2015, the Court informed counsel for the parties in the securities action that "plaintiffs in the consolidated derivative suits . . . are planning on withdrawing their actions from federal court and refiling in state court." In light of this, the Court indicated that it would be entering an order to lift the stay of discovery ordered at the September 28 hearing. The Court entered an order lifting the stay on October 1, 2015. (ECF No. 101.)

The derivative plaintiffs' decision to withdraw their complaints from federal court and file a new case in state court, however, in no way disturbs the grounds supporting a discovery stay that the Court identified at the September 28 hearing – the likelihood of costly duplicative discovery. Presently, discovery is set to proceed in the securities action while Genworth and its directors brief and argue a motion to dismiss the apparently soon-to-be-filed state court derivative action. If a motion to dismiss the derivative action is unsuccessful, the derivative

2

plaintiffs will almost certainly seek discovery that overlaps with the discovery that the securities plaintiffs will have, in all likelihood, recently completed. The ensuing duplicative depositions would be a waste of time and impose substantial, undue expense and burden on Genworth.

This is precisely the situation the Court's September 28 stay avoided. Regardless of why the derivative plaintiffs have come to regret their original choice of forum (their voluntary dismissal papers do not specify), the expansive and costly deposition discovery expected in the securities action may be repeated unless stayed pending a decision on a motion to dismiss any newly filed state derivative action.

A stay of deposition discovery of Genworth's current and former employees and directors would not impede other aspects of the securities action. Defendants are committed to completing all party and third-party document production, written discovery, depositions of Plaintiffs and their advisors, and class certification experts and briefing on the current proposed schedule. These items do not risk the costly duplication of depositions.

The stay would only be in place for a short time – until a motion to dismiss is decided in the derivative action. Defendants will make every effort to ensure this occurs promptly. In response to the derivative plaintiffs' motion pursuant to Federal Rule of Civil Procedure 23.1 to voluntarily dismiss the derivative actions pending in this Court, Defendants have asked the Court to condition dismissal on the prompt (within ten days) filing of any new derivative complaint in state court. Defendants are committed to moving to dismiss that action within fourteen days after the derivative plaintiffs file, have proposed fourteen days for plaintiffs' response, and are committed to replying within seven days. This schedule would complete briefing even more promptly than this Court had contemplated for the consolidated derivative action. Defendants will also seek a prompt resolution of their motion to dismiss from the state court.

The only interest served by having the securities and derivative actions run on separate deposition discovery tracks is the securities plaintiffs' interest in having trial in April 2016 versus a short time later. This interest does not justify doubling the already significant time and money Genworth will be spending on scheduling and defending dozens of depositions of its current and former employees and directors, many of whom are located outside of Virginia. The Court's September 28 stay of discovery rightly recognized and prevented this burden and should be reinstated.

## CONCLUSION

For the reasons above, Defendants respectfully request that the Court reinstate a stay of depositions of any current or former Genworth employees or directors, pending a decision on a motion to dismiss the derivative action. The requested stay would not apply to the completion of document discovery in response to current requests and subpoenas, written discovery, depositions of plaintiffs and their advisors, or class certification experts and briefing.

Dated: October 5, 2015                                    Respectfully submitted,

*Of Counsel:*                                             /s/
                                                          Anne Marie Whittemore (VSB No. 09221)
Greg A. Danilow (*pro hac vice*)                          Elizabeth F. Edwards (VSB No. 22814)
Christopher L. Garcia (*pro hac vice*)                    Brian E. Pumphrey (VSB No. 47312)
Caroline Hickey Zalka (*pro hac vice*)                    Ryan D. Frei (VSB No. 70996)
WEIL, GOTSHAL & MANGES LLP                                MCGUIREWOODS LLP
767 Fifth Avenue                                          One James Center
New York, NY 10153                                        901 East Cary Street
Tel: (212) 310-8000                                       Richmond, VA 23219-4030
Fax: (212) 310-8007                                       Tel: (804) 775-4359
greg.danilow@weil.com                                     Fax: (804) 698-2206
caroline.zalka@weil.com                                   awhittemore@mcguirewoods.com
christopher.garcia@weil.com                               eedwards@mcguirewoods.com
                                                          bpumphrey@mcguirewoods.com
                                                          rfrei@mcguirewoods.com

4

*Counsel for Genworth Financial, Inc., Thomas J. McInerney, and Martin P. Klein*

## **CERTIFICATE OF SERVICE**

I certify that on this 5th day of October, 2015, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

                                                  /s/
                              Anne Marie Whittemore (VSB No. 09221)
                              Elizabeth F. Edwards (VSB No. 22814)
                              Brian E. Pumphrey (VSB No. 47312)
                              Ryan D. Frei (VSB No. 70996)
                              McGuireWoods LLP
                              Gateway Plaza
                              800 East Canal Street
                              Richmond, VA 23219
                              Tel: (804) 775-1000
                              Fax: (804) 775-1061
                              awhittemore@mcguirewoods.com
                              eedwards@mcguirewoods.com
                              bpumphrey@mcguirewoods.com
                              rfrei@mcguirewoods.com

*Counsel for Genworth Financial, Inc., Thomas J. McInerney, and Martin P. Klein*