**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| IN RE GENWORTH FINANCIAL, INC., SECURITIES LITIGATION, | Civ. A. No. 3:14-cv-00682-JAG<br><br>Hon. John A. Gibney, Jr.<br><br>**CLASS ACTION** |

**LEAD PLAINTIFFS' MEMORANDUM IN OPPOSITION**
**TO DEFENDANTS' MEMORANDUM IN SUPPORT**
**OF MAINTAINING CERTAIN EXHIBITS UNDER SEAL**

**I.     INTRODUCTION**

Defendants ask the Court to deny public access to several exhibits relevant to their improper assertions of privilege over the Boyle Memorandum. ECF No. 118 ("Mot."). The common law and the First Amendment, however, protect the public's right to access court proceedings and judicial documents. To maintain under seal the documents before the Court, Defendants must meet a high standard of showing unusual circumstances and competing interests that "heavily outweigh" the public's interest in disclosure. *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004).

Defendants have not carried their burden. They have not identified *specific* reasons why the generic, historical business information in question – some of it over two years old – could constitute a "trade secret," how disclosure would cause competitive harm, or how any such considerations heavily outweigh the public's right to access. Defendants provide only generalized assertions that the documents in question contain "commercially sensitive information," the disclosure of which "could put Genworth at a competitive disadvantage." Mot. at 3. These conclusory assertions are insufficient to block the documents from the public. Moreover, Defendants have already filed publicly materials of the same kind that they now seek to seal. *See, e.g.*, ECF Nos. 116-7, 116-8, 116-9.

The justification for public access is particularly strong in this case because Lead Plaintiffs are pursuing claims on behalf of a class of purchasers of Genworth's publicly-traded securities. In addition to the public's right to access, there are thousands of investors interested in the outcome of these proceedings. *See In re Cendant Corp.*, 260 F.3d 183, 193 (3d Cir. 2001) ("The right of public access is particularly compelling here, because many members of the 'public' are also plaintiffs in the class action."); *Marsh v. First Bank of Del.*, 2014 WL 117086, at *1 (N.D. Cal.

Jan. 13, 2014) ("In a class action, the public right of access to court documents is especially heightened."). It is, therefore, inappropriate to seal judicial documents from their view.

## II. PROCEDURAL HISTORY

As discussed more fully in Lead Plaintiffs' Reply brief in support of their Motion to Compel, that motion was plainly warranted and necessary – indeed, Defendants have conceded that the November 2013 Experience Studies Audit Report is not privileged, and they have withdrawn half of their redactions on the Boyle Memorandum. Lead Plaintiffs' submission of numerous exhibits in support of their Motion to Compel was equally warranted, and the Court should not fall prey to Defendants' diversionary tactic of attacking the mere submission of those exhibits. Mot. at 2-3.

Given the now-narrowed focus of the Motion to Compel, there are currently ten documents Defendants seek to maintain partially under seal: Plaintiffs' Memorandum in support of their Motion to Compel and nine exhibits (Exhibits 2, 4, 7, 11, 13, 16, 17, 60, and 62).[1] Of these, Defendants initially informed the Court that they were seeking to shield three of the ten documents from public view in their entirety, and have the remaining seven documents redacted, but did not submit any redactions for the Court to review. After Lead Plaintiffs asked Defendants for their proposed redactions, Defendants changed their position, and have informed Lead Plaintiffs that their request is that all of the relevant documents be redacted. In response to Lead Plaintiffs' requests to see Defendants' proposed redactions, Defendants did not serve them until midday on the deadline for submitting this Opposition, providing insufficient time to address specific

---

[1] Given the parties' agreement that Defendants' admissions had narrowed the scope of the Motion to Compel, the Court struck 43 of the 62 documents that were at issue prior to Defendants' admissions. *See* ECF Nos. 117, 119. Of the remaining 19 documents, Defendants concede that 10 should be made public. Mot. at 3.

redactions in this submission. But even a cursory review of the redactions shows that they are overbroad and have not cured the defects in Defendants' memorandum in support of maintaining the documents under seal.

## III. ARGUMENT

### A. Legal Standard

Motions to seal run contrary to the public's right of access to court proceedings and bear on the judiciary's independence. *K.S. v. Ambassador Programs Inc.*, 2010 WL 3565481, at *2 (E.D. Va. Sept. 3, 2010) ("Few principles have as long a pedigree and are as well-settled as the public's right of access to court proceedings and judicial documents. With strong roots in the common law and the First Amendment, this principle is also central to the legitimacy and independence of the judiciary."). "Courts have uniformly emphasized that sealing should be the relatively rare exception, not the common practice." *Id.* As this Court has explained, the Eastern District of Virginia "ha[s] a tradition . . . of doing [its] litigation in public." ECF No. 100 (Sept. 28, 2015 Pre-Trial Conf. Tr.), at 57.[2]

Only a showing of "unusual circumstances" can overcome the common law's presumption against sealing, as sealing is proper only if "countervailing interests heavily outweigh the public interests in access." *Va. Dep't of State Police*, 386 F.3d at 576; *RegScan, Inc. v. Bureau of Nat'l Affairs, Inc.*, 2012 WL 2994075, at *7 (E.D. Va. July 19, 2012); *see also Adler v. CFA Inst.*, 2012

---

[2] Defendants mischaracterize the Court's statements during the September 28, 2015 pre-trial conference. Defendants contend that "the Court correctly observed that documents containing 'a discussion of pricing' should qualify for sealing, along with other information that could put Genworth at a 'true competitive disadvantage.'" Mot. at 6-7. The Court did not make that statement, instead noting its "inclination" as to what "probably" could be sealed, but ultimately asking counsel "Why don't you let me know by the end of the week what it is that you all feel put you at a true competitive disadvantage, and then we will – I will take a look at that." ECF No. 100, at 58.

3

WL 3257822, at *3 (E.D. Va. Aug. 7, 2012) (denying motion to seal where disclosure would not "promote public scandal" or "serve as reservoirs of libelous statements for press consumption"); *U.S. ex rel. Carter v. Halliburton Co.*, 2011 WL 8204612, at *2 (E.D. Va. Nov. 29, 2011) (movant must show that "competing" interests outweigh the public's right to access).

Because Defendants have not specified a limited time period for which they request that the information be sealed, their request is for a permanent sealing of the material. *Halliburton*, 2011 WL 8204612, at *2 n.1 ("As the parties did not specify a time period for sealing, the Court presumes that they seek a permanent seal."); Local Civ. R. 5(C) ("Unless permanent sealing is sought," the party must submit "a statement as to the period of time the party seeks to have the matter maintained under seal and as to how the matter is to be handled upon unsealing.").

### B. Defendants Have Failed To Show Competing Interests Outweighing The Public's Interest In Access To Judicial Documents

Courts in the Fourth Circuit do not accept broad allegations of confidentiality or the need for secrecy. *See Dreher v. Experian Info. Solutions, Inc.*, 2015 WL 5147260, at *3 (E.D. Va. Mar. 25, 2015) ("Simply calling something a trade secret does not make it a trade secret."). Instead, the proponent of sealing must show "specifically what about the documents renders them confidential and how public filing of the documents would hurt defendant or other parties." *Erichsen v. RBC Capital Mkts., LLC*, 883 F. Supp. 2d 562, 574-75 (E.D.N.C. 2012); *see also In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (requiring district courts to make "specific findings" supporting the grant of a motion to seal). Where a movant seeks sealing on the basis that the documents contain "confidential commercial information," "such a generalized description does not provide a sufficient basis for the court to overcome the common law presumption of access to documents."

*Erichsen*, 883 F. Supp. 2d at 575. "[C]onclusory statement[s] plainly fail[] to meet the high standard for sealing mandated by the Fourth Circuit."[3]

Here, Defendants have not provided any specific reason why disclosure would cause them harm. Defendants simply state conclusorily that the documents, "if disclosed publicly, would pose genuine risk of harm to Genworth and its competitive position." Mot. at 4. Defendants attempt to bolster that conclusory statement with characterizations of the documents, but none of those vague characterizations explains how any of the stale documents would cause Genworth harm upon public disclosure. Mot. at 9-11.[4]

In truth, the documents in question include general discussions of Genworth's business and processes. The information is now as much as two years old, and its disclosure would cause no

---

[3] *S.E.C. v. Woodard*, 2014 WL 61398, at *4 n.5 (E.D. Va. Jan. 6, 2014). Courts across the nation agree that a motion to seal has "no prospect of success" unless it analyzes "in detail . . . the propriety of secrecy," specifically describing "*why* the revelation would disadvantage Defendants." *Cox v. Sherman Capital LLC*, 2014 WL 5106101, at *2 (S.D. Ind. Oct. 10, 2014) (emphasis in original); *see Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, 2013 WL 1674190, at *3 (W.D. Pa. Apr. 17, 2013) (rejecting "broad allegations of harm," as movant must "submit current evidence of a clearly defined and serious potential injury" from disclosure and identify "customer[s] or competitor[s] who would use . . . th[e] information as 'a vehicle for improper purposes'"); *Travelers Prop. Cas. Co. of Am. v. Centex Homes*, 2013 WL 707918, at *1 (N.D. Cal. Feb. 26, 2013) ("Information does not have value to a competitor merely because the competitor does not have access to it."); *Neil v. Zell*, 2011 WL 843661, at *7 (N.D. Ill. Mar. 3, 2011) (denying motion to seal given failure to "specify what information is still sensitive at this point in time or how it may be impacted detrimentally if the information is made public").

[4] Defendants' cases are inapt. In *Barnes v. Hershey Co.*, for instance, the court <u>rejected</u> requests to seal "confidential information" and portions of interrogatory responses while holding that certain information "focus[ing] on … trade secrets" could be sealed. 2015 U.S. Dist. LEXIS 52330, at *5-6 (N.D. Cal. Apr. 21, 2015). The *JL Beverage Co.* and *East West* cases also regarded trade secrets. *JL Beverage Co., LLC v. Beam, Inc.*, 2013 U.S. Dist. LEXIS 35370, at *9 (D. Nev. Mar. 14, 2013); *East West, LLC v. Rahman*, 2012 U.S. Dist. LEXIS 126242, at *7-8 (E.D. Va. Sept. 4, 2012). Here, however, no trade secrets are at issue. *Kettler Int'l, Inc. v. Starbucks Corp.* allowed the sealing of ten years of sales data, but no such information is at issue here. 2015 U.S. Dist. LEXIS 1486, at *2 (E.D. Va. Jan. 7, 2015).

competitive harm justifying sealing. *See Koch v. Greenberg*, 2012 U.S. Dist. LEXIS 58608, at *13 (S.D.N.Y. Apr. 13, 2012) ("[W]here commercially sensitive information is stale, this can undermine the party's … claim that disclosure will create a competitive disadvantage."); *Pappas v. Frank Azar & Assocs., P.C.*, 2007 WL 2683549, at *8 (D. Colo. Sept. 7, 2007) (examining whether the documents' contents were "especially unique or proprietary" and holding that "historical" information "would be of little value to [the company's] competitors today"). Furthermore, the documents generally regard Genworth's LTC reserving processes, which Genworth has stated it revised substantially only <u>after</u> the documents in question were authored. ECF No. 51 ¶¶69, 82, 89-92, 99, 107. Individual analyses of the documents in question further reveal that there is no basis to shield them from public view:

- <u>Exhibits 2, 4, and 17</u>: These identical copies of the July 16, 2014 Boyle Memorandum merely recount historical facts about Genworth's reserve reviews prior to July 2014 – reviews that Genworth has repeatedly touted in public before and after July 2014. The Boyle Memorandum pre-dates (i) Genworth's July 30, 2014 announcement that it was reviewing its LTC reserves; (ii) Genworth's November 5, 2014 announcement of a $531 million increase in LTC reserves due to updated reserving assumptions and processes; and (iii) Genworth's February 10, 2015 announcement of another $478 million accounting charge due to updated reserving assumptions and processes. In addition, Defendants have publicly quoted the Boyle Memorandum. *See* ECF No. 115, at 9 (citing Exhibit 4).
- <u>Exhibits 7, 11, 13, and 16</u>: These documents, dated as early as October 26, 2013, similarly discuss Genworth's historical reserving issues in general and the fact that

6

Genworth delayed its LTC review. Defendants have publicly quoted from Exhibits 7 and 13 and described those documents' contents. ECF No. 115, at 8-9.

- <u>Exhibits 60 and 62</u>: Genworth seeks to redact its interrogatory responses in this case as well as a discovery letter from Lead Plaintiffs' counsel to counsel for Defendants. As with the documents mentioned above, these documents at most reference Genworth's historical reserving practices.

- <u>Lead Plaintiffs' Motion to Compel</u>: The Motion to Compel contains only general information regarding Genworth's business, historical reserving practices, and improper assertions of the attorney-client privilege and attorney work product protection. In addition, Defendants have filed publicly the entirety of their Opposition to the Motion to Compel, which includes extensive discussions of Genworth's internal communications, processes, reserving, and reviews. *E.g.*, ECF No. 115, at 8-9.

Finally, Defendants have already submitted publicly to the Court discovery materials that are substantially similar to the materials they now seek to shield from public view. *See* ECF No. 116-7 (internal communications regarding Genworth's LTC reserve calculations and hindsight testing as of July 2014); ECF No. 116-8 (internal communication regarding Genworth's LTC reserve calculations and failure to conduct a peer review); ECF No. 116-9 (letter from Defendants' counsel identifying (i) Genworth's file paths; (ii) two different, specific internal Genworth databases and how they are used; (iii) how Genworth conducts "claim incidence analysis"; (iv) which analyses are input into actuarial databases; (v) Genworth's purported reliance on third-party analyses; and (vi) algorithms that Genworth uses "to analyze the claims experience"). Those public filings are in addition to Defendants' public discussion of the same materials that Defendants seek to maintain under seal. *See* ECF No. 115, at 8-9 (citing or referencing Exs. 4, 7,

7

and 13). There is no principled distinction between the documents that Defendants have already filed publicly and discussed publicly, and those that Defendants seek to maintain under seal.

## IV. CONCLUSION

The Court should deny Defendants' request to maintain under seal any portion of the nine exhibits in question, or any portion of the Motion to Compel.

Dated: November 19, 2015  Respectfully submitted,

        /s/ Susan R. Podolsky

Susan R. Podolsky (Va. Bar No. 27891)
**LAW OFFICES OF SUSAN R. PODOLSKY**
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel: (571)366-1702
Fax: (703) 647-6009
spodolsky@podolskylaw.com

*Local Counsel for Lead Plaintiffs Her Majesty the Queen in Right of Alberta and Fresno County Employees' Retirement Association*

**BLEICHMAR FONTI TOUNTAS
  & AULD LLP**
Javier Bleichmar (admitted *pro hac vice*)
Joseph A. Fonti (admitted *pro hac vice*)
Stephen W. Tountas (admitted *pro hac vice*)
Wilson Meeks III (admitted *pro hac vice*)
Jeffrey R. Alexander (admitted *pro hac vice*)
7 Times Square, 27th Floor
New York, NY 10036
Tel: (212) 789-1340
Fax: (212) 205-3960
jbleichmar@bftalaw.com
jfonti@bftalaw.com
stountas@bftalaw.com
wmeeks@bftalaw.com
jalexander@bftalaw.com

*Counsel for Lead Plaintiff Her Majesty the Queen in Right of Alberta and Co-Lead Counsel for the Class*

**BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP**
David R. Stickney (admitted *pro hac vice*)
Jonathan D. Uslaner (admitted *pro hac vice*)
Richard D. Gluck (admitted *pro hac vice*)
Brandon Marsh (admitted *pro hac vice*)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel: (858) 793-0070
Fax: (858) 793-0323
davids@blbglaw.com
jonathanu@blbglaw.com
rich.gluck@blbglaw.com
brandon.marsh@blbglaw.com

*Counsel for Lead Plaintiff Fresno County
Employees' Retirement Association and Co-Lead
Counsel for the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2015, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

/s/ Susan R. Podolsky

Susan R. Podolsky
Virginia Bar No. 27891
1800 Diagonal Road
Suite 600
Alexandria, VA 22314
Phone: 571-366-1702
Fax: 703-647-6009
spodolsky@podolskylaw.com

*Local Counsel for Lead Plaintiffs*