IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

IN RE: GENWORTH FINANCIAL
SECURITIES LITIGATION

Civil Case No.: 3:14-cv-682-JAG

**MEMORANDUM ORDER**

This matter comes before the Court on the plaintiffs' Motion to Compel (Dk. No. 108) and motions to seal. (Dk. Nos. 110, 121.) After a hearing, this Court partially GRANTS the motion to compel and GRANTS the motions to seal in the limited form described below.

The Court ORDERS the defendants to provide the Boyle Memorandum to the Court and to the plaintiffs without redacting the first bullet point on page 1 in accordance with the partial grant of the motion to compel. The second redaction, on page 2, will remain redacted until the Court can review additional documents. The Court further ORDERS the defendants to provide the Court and plaintiffs with documents showing that defendants provided the information they seek to redact on page 2 of the Boyle Memorandum to KPMG, LLC no later than December 10, 2015.

The Court grants the plaintiffs' motions to seal, limited to the consent redactions described in this order. Pursuant to 5.2 of the Stipulated Protective Order entered in this case (Dk. No. 85), the plaintiffs filed their Memorandum Of Law in Support Of Their Motion To Compel, a Declaration of Jonathan D. Uslaner (the "Uslaner Declaration"), and sixty-two exhibits accompanying the Uslaner Declaration under temporary seal on October 29, 2015. On

1

November 12, 2015, Defendants filed an Unopposed Motion to Strike Extraneous Exhibits (Dk. No. 117) and a Memorandum in Support of Maintaining Under Seal Certain Exhibits Submitted with Plaintiffs' Motion to Compel, and in Support of Defendants' Unopposed Motion to Strike Extraneous Exhibits (Dk. No. 118). On November 13, 2015, the Court granted the Unopposed Motion to Strike, ordering that Exhibits 1, 3, 8-9, 20-54, 57-59, and 61 to the Uslaner Declaration be stricken as extraneous and removed from the record (Dk. No. 113).

On November 19, 2015, the plaintiffs filed their Reply Memorandum of Law in Further Support of Their Motion to Compel, a Declaration of Javier Bleichmar (the "Bleichmar Declaration"), three exhibits accompanying the Bleichmar Declaration (Dk. No. 120), and a Motion to Seal Lead Plaintiffs' Reply Memorandum of Law and Exhibits (Dk. No. 121).

The parties have met and conferred and represent to the Court that have agreed that the following documents do not merit sealing and should be made part of the public record: (1) the October 29, 2015 Uslaner Declaration; (2) Exhibits 5-6, 10, 12, 14-15, 18-19, and 55-56 to the Uslaner Declaration; (3) the November 19, 2015 Bleichmar Declaration; (4) Exhibit C to the Bleichmar Declaration; and (5) Lead Plaintiffs' November 19, 2015 Reply Memorandum Of Law In Further Support Of Their Motion to Compel. Accordingly, upon due consideration and the agreement of the parties, the Court directs the Clerk to remove these materials from under temporary seal and make them part of the public record.

Through additional meet-and-confer efforts, the parties have agreed that some documents under temporary seal warrant limited sealing through the use of targeted redactions. Before issuing a sealing order, however, the Court must follow the procedural steps that the Fourth Circuit set forth in *Ashcraft et al. v. Conoco, Inc.*, 218 F.3d 288 (4th Cir. 2000). Specifically, the Court must:

(1) Give public notice of the request to seal and allow interested parties a reasonable opportunity to object;

(2) Consider less drastic alternatives to sealing the documents; and

(3) Provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft*, 218 F.3d at 288; *see also* E.D. Va. Local Civ. R. 5 (detailing local requirements for sealing procedure, including the notice requirement). Assuming the court follows these steps, a "trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

Having considered the defendants' sealing requests made through proposed redactions to which the plaintiffs have consented, the Court finds them to be appropriate under the circumstances, determines that the proposed redactions meet all three *Ashcraft* requirements, and hereby GRANTS the Motion to Seal in the limited manner that the parties jointly propose. Regarding the first *Ashcraft* requirement, the Court finds that the parties provided sufficient public notice on October 29, 2015 and November 19, 2015 (Dk. Nos. 109, 112, and 123-24), in advance of the December 3, 2015 hearing on the plaintiffs' motion to compel. The Court received no objections from any member of the public.

The Court finds that the proposed redactions satisfy the second *Ashcraft* step—consideration of less drastic alternatives to outright sealing. *See Bronitsky v. Bladen Healthcare, LLC*, No. 7:12CV147, 2013 U.S. Dist. LEXIS 129914, at *2 (E.D.N.C. Sept. 11, 2013) (recognizing redaction as a reasonable "alternative means" of protecting confidential information that is "less restrictive" than sealing an entire document). Here, the defendants do not request that the Court seal any document in its entirety. Instead, the parties proposed redactions

constitute limited redactions of non-public, commercially sensitive information with respect to which the defendants' commercial interests outweigh any arguable claim of public interest. The Court further finds that no less drastic alternative exists to adequately protect this information.

Finally, in satisfaction of the third *Ashcraft* requirement, the Court will describe below the requested redactions, along with the specific reasons and factual findings supporting limited sealing (through consent redactions) and for rejecting alternatives.

- **Plaintiffs' October 29, 2015 Memorandum in Support of Motion to Compel.** The parties limit their proposed consent redactions to two references identifying Genworth's proprietary valuation, forecasting, and projection systems on page seven. The Court finds that this constitutes the type of non-public, proprietary, commercially sensitive information that warrants sealing. The parties narrowly tailored their proposed redactions to protect only commercially sensitive information, and the Court finds that no method short of redaction would adequately protect this information.

- **Exhibit 2 to Uslaner Declaration: July 16, 2014 "Boyle Memorandum" at issue on Lead Plaintiffs' Motion to Compel.** As a preliminary matter, the Court notes that the first bullet point on page 2 contains information still at issue on the plaintiffs' motion to compel. Independent of that, the parties limit their proposed consent redactions to two references identifying Genworth's proprietary valuation, forecasting, and projection systems on page 1 of the memorandum. The Court finds that this constitutes the type of non-public, proprietary, commercially sensitive information that warrants sealing. The parties narrowly tailored their proposed redactions to protect only commercially sensitive information, and the Court finds that no method short of redaction would adequately protect this information.

- **Exhibit 4 to Uslaner Declaration: July 16, 2014 "Boyle Memorandum."** The parties limit their proposed consent redactions to two references identifying Genworth's proprietary valuation, forecasting, and projection systems on page 1. The Court finds that this constitutes the type of non-public, proprietary, commercially sensitive information that warrants sealing. The parties narrowly tailored their proposed redaction to protect only commercially sensitive information, and the Court finds that no method short of redaction would adequately protect this information.

- **Exhibit 7 to Uslaner Declaration: October 2013 e-mail exchange.** The parties limit their proposed consent redaction to one reference identifying Genworth's proprietary valuation, forecasting, and projection system on page 1. The Court finds that this proposed redaction represents the type of non-public, proprietary, commercially sensitive information that warrants sealing. The parties narrowly tailored their proposed redaction to protect only commercially sensitive information, and the Court finds that no method short of redaction would adequately protect this information.

- **Exhibit 11 to Uslaner Declaration: February 2014 e-mail.** The parties limited their consent redactions to sensitive internal personnel references (unrelated to the issues in this case) and discussion of internal business strategy, product profitability, pricing/rate increases, pricing margins, and product development strategy on pages 2-4. The Court finds that this information constitutes the type of non-public, proprietary, commercially sensitive information that warrants sealing. The parties narrowly tailored their proposed redactions protect only commercially sensitive information, and the Court finds that no method short of redaction would adequately protect this information.

- **Exhibit 13 to Uslaner Declaration: Internal "Speaking Notes" for June 16, 2014 meeting.** The parties limited their consent redactions to (1) scattered references identifying Genworth's proprietary valuation, forecasting, and projection systems on pages 3-5 and 11-14 and in the attached e-mails (numbered by hand in upper-right corner) 2 and 5-7, and (2) sensitive internal personnel discussion regarding job replacement and confidential job search efforts in the attached e-mail 5. The Court finds that the proposed redactions protect the type of non-public, proprietary, commercially sensitive information that warrants sealing. The parties narrowly tailored their proposed redactions to protect only commercially sensitive information, and the Court finds that no method short of redaction would adequately protect this information.

- **Exhibit 16 to Uslaner Declaration: Draft of internal "Speaking Notes" for July 16, 2014 audit committee update.** The parties limited their consent redactions to a reference to Genworth's 2015 future business planning on page 3 and two references identifying Genworth's proprietary valuation, forecasting, and projection systems on pages 3-4. The Court finds that the proposed redactions protect the type of non-public, proprietary, commercially sensitive information that warrants sealing. The parties narrowly tailored their proposed redactions to protect only commercially sensitive information, and the Court finds that no method short of redaction would adequately protect this information.

- **Exhibit 17 to Uslaner Declaration: July 16, 2014 e-mail attaching the "Boyle Memorandum."** The parties limited their consent redactions to two references identifying Genworth's proprietary valuation, forecasting, and projection systems on page 1 of the memorandum. The Court finds that the proposed redactions protect the type of non-public, proprietary, commercially sensitive information that warrants sealing. The parties narrowly tailored their proposed redactions to protect only commercially sensitive information, and the Court finds that no method short of redaction would adequately protect this information.

- **Exhibit 60 to the Uslaner Declaration: Excerpts from Defendants' Objections and Responses to the Plaintiffs' First Set of Interrogatories.** The consent redactions include excerpts from the defendants' interrogatory answers (designated by the defendants as "Confidential") that have no bearing on the issues before the Court on the plaintiffs' motion to compel. The redacted answers include scattered references to Genworth's non-public valuation, forecasting, and projection systems, along with

Genworth's systems for projection model development and related studies. The Court finds that the proposed redactions protect the type of non-public, proprietary, commercially sensitive information that warrants sealing. The parties narrowly tailored their proposed redactions to protect only commercially sensitive information, and the Court finds that no method short of redaction would adequately protect this information.

- **Exhibit 62 to the Uslaner Declaration: Sept. 15, 2015 meet-and-confer letter from Plaintiffs' counsel to defense counsel.** The parties limited their consent redactions to one paragraph discussing and identifying Genworth's proprietary valuation, forecasting, and projection systems on page 3. The Court finds that the proposed redactions protect the type of non-public, proprietary, commercially sensitive information that warrants sealing. The parties narrowly tailored their proposed redactions to protect only commercially sensitive information, and the Court finds that no method short of redaction would adequately protect this information.

- **Exhibit A to the Bleichmar Declaration: July 16, 2014 e-mail attaching the "Boyle Memorandum."** The parties limited their consent redactions to two references identifying Genworth's proprietary valuation, forecasting, and projection systems on page 1 of the memorandum. The Court finds that the proposed redactions protect the type of non-public, proprietary, commercially sensitive information that warrants sealing. The parties narrowly tailored their proposed redactions to protect only commercially sensitive information, and the Court finds that no method short of redaction would adequately protect this information.

- **Exhibit B to the Bleichmar Declaration: Excerpts from Defendants' Objections and Responses to Lead Plaintiffs' First Set of Interrogatories.** The parties limited their consent redactions to certain terms contained in the final paragraph of Defendants' answer to Interrogatory No. 5, identifying Genworth's proprietary valuation, forecasting, and projection systems. The Court finds that the proposed redactions protect the type of non-public, proprietary, commercially sensitive information that warrants sealing. The parties narrowly tailored their proposed redactions to protect only commercially sensitive information, and the Court finds that no method short of redaction would adequately protect this information.

Within seven days of entry of this Order, the Court DIRECTS the defendants to deliver to the Clerk's Office the above-referenced documents containing the consent redactions, in accordance with Local Civil Rule 5(E). The Clerk will then make the redacted documents part of the public record. Notwithstanding this Order, however, and in the interest of judicial efficiency, the Court will allow Defendants to refrain from delivering to the Clerk's Office Exhibit 2 to the Uslaner Declaration in redacted form until after the Court has entered its order

resolving the remainder of the Motion to Compel some of the information contained in that document.

The Court also GRANTS the parties' oral motion to extend discovery deadlines. The parties will serve all requests for admissions by December 14, 2015. Responses to these requests will follow a normal schedule under Rule 36 (a) of the Federal Rules of Civil Procedure. The Court GRANTS the parties' joint request for an extension to complete depositions as well as their request to exceed the number of depositions allowed under Rule 30 (a) of the Federal Rules of Civil Procedure. The parties have agreed that the following depositions may take place after December 14, 2015 based on the availability of non-parties and their counsel:

- James Riepe
- Charles Baxter
- Lead Plaintiffs' investment advisors (Systematic Financial Management, L.P.; Westfield Capital Management Company, L.P.; and AJO, LP)

The parties anticipate scheduling these depositions by December 23, 2015, and in no event will any of these depositions occur after January 15, 2016, absent leave of court. Additionally, the parties have agreed to a Rule 30(b)(6) deposition of Genworth covering limited topics. While the parties may complete some of the topics by December 23, 2015, the entire deposition must be completed by January 15, 2016.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

/s/
John A. Gibney, Jr.
United States District Judge

Date: December 10, 2015
Richmond, Virginia