# EXHIBIT 1

EXECUTION VERSION

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

|  |  |
|---|---|
| IN RE GENWORTH FINANCIAL, INC. SECURITIES LITIGATION | Civ. A. No. 3:14-cv-00682-JAG<br><br>Hon. John A. Gibney, Jr.<br><br>**<u>CLASS ACTION</u>** |

### <u>STIPULATION AND AGREEMENT OF SETTLEMENT</u>

This Stipulation and Agreement of Settlement (the "Stipulation") is entered into between (a) Her Majesty the Queen in Right of Alberta ("Alberta") and Fresno County Employees' Retirement Association ("Fresno") (collectively, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) defendants Genworth Financial, Inc. ("Genworth"), and Thomas J. McInerney and Martin P. Klein (collectively, the "Individual Defendants," and, together with Genworth, the "Defendants"), and embodies the terms and conditions of the settlement of the above-captioned action (the "Action").[1]  Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all claims asserted therein against Defendants.

WHEREAS:

A.      Beginning on August 19, 2014, securities class action complaints were filed in the United States District Court for the Southern District of New York encaptioned *Esguerra v.*

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶1 herein.

*Genworth Fin., Inc.*, No. 14-cv-6639-RJS (S.D.N.Y.) ("*Esguerra*"), and in the United States District Court for the Eastern District of Virginia (the "Court"), encaptioned *City of Pontiac General Employees' Retirement System v. Genworth Fin., Inc.*, No. 3:14-cv-00682 (E.D. Va.).

B.      On October 13, 2014, plaintiff in *Esguerra* filed a notice of voluntary dismissal of that action, and the court in *Esguerra* entered an order dismissing that action on October 14, 2014.

C.      On November 6, 2014, the Court appointed Alberta and Fresno as Lead Plaintiffs, and approved their choice of counsel, Bleichmar Fonti & Auld LLP ("BFA") and Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as Co-Lead Counsel in this matter.  The Court also ordered that the Action shall be captioned *In re Genworth Financial, Inc. Securities Litigation,* Civil Action Number 3:14-cv-00682.

D.      On December 22, 2014, Lead Plaintiffs filed their Consolidated Class Action Complaint (the "Complaint") asserting claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act.  Among other things, the Complaint alleged that Defendants made materially false and misleading statements about Genworth's long-term care insurance business and reserves related thereto.  The Complaint further alleged that the prices of Genworth securities were artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the alleged truth was revealed.

E.      On February 5, 2015, Defendants filed a motion to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  On March 9, 2015, Lead Plaintiffs filed their opposition to the motion to dismiss.  On March 24, 2015, Defendants filed a reply in support

2

of their motion to dismiss.  The Court thereafter granted the Parties' joint motion for leave to file supplemental briefs to address recent authority, which the Parties then filed on April 7, 2015.

F.      Following a hearing held before the Honorable James R. Spencer on April 28, 2015, by Order and the related Memorandum Opinion dated May 1, 2015, the Court granted in part and denied in part Defendants' motion to dismiss.

G.      Defendants filed an Answer to the Complaint on May 15, 2015, denying its material allegations and alleging affirmative defenses thereto.

H.      By Order dated June 10, 2015, the Court scheduled a Pretrial Conference before Judge Spencer for June 30, 2015.

I.      The Parties filed their Joint Rule 26(f) Report and Proposed Case Schedule and Discovery Plan (the "Rule 26(f) Report") on June 24, 2015.  The Parties also submitted their proposed pretrial schedule addressing, among other things, discovery deadlines, expert deadlines, briefing on dispositive motions, and a trial date of February 22, 2016.  The Parties informed the Court that they agreed to remain in communication about the potential for settlement discussions.

J.      On June 24, 2015, the Parties filed a Joint Motion for Entry of Stipulated Protective Order governing the disclosure of discovery materials, which the Court entered on June 25, 2015.

K.      The Court held an Initial Pretrial Conference on June 30, 2015, and entered a Pretrial Order scheduling the trial and setting pretrial deadlines triggered in advance of the trial date.

L.      Pursuant to the Court's Pretrial Order, on July 31, 2015, Lead Plaintiffs filed a Notice stating, among other things, that the Parties are familiar with private mediation and had agreed to exchange lists of potential mediators on August 3, 2015.

M.      On August 13, 2015, the Court entered a superseding Scheduling and Jury Pretrial Consent Order that, among other things, confirmed a trial date, scheduled certain deadlines triggered in advance of the trial date, and ordered the Parties, within thirty days, to meet and confer with a view of achieving settlement, if appropriate.

N.      On August 26, 2015, the Action was reassigned to the Honorable John A. Gibney.

O.      On September 28, 2015, the Court held an Initial Pretrial Conference.

P.      On October 6, 2015, the Court issued an Amended Initial Pretrial Order scheduling, among other deadlines and dates, a new trial date of April 25, 2016.

Q.      On October 29, 2015, Lead Plaintiffs filed a Motion to Compel Production of Documents and Opposing Defendants' Request to Clawback Non-Privileged Documents.  Lead Plaintiffs also filed a motion to file under seal their Memorandum of Law and Exhibits in support of their motion to compel.  On November 12, 2015, Defendants filed their opposition to Lead Plaintiffs' motion to compel, their memorandum in support of maintaining under seal certain exhibits, and their unopposed motion to strike extraneous exhibits.  Lead Plaintiffs filed their reply brief in support of their motion to compel on November 19, 2015.  Following a hearing on December 3, 2015, and pursuant to orders entered December 10, 2015, and January 11, 2016, the Court granted in part and denied in part Lead Plaintiffs' motion to compel.

R.      Pursuant to the Court's pretrial schedule, on December 2, 2015, Lead Plaintiffs filed their Motion for Class Certification and Appointment of Class Representative and Class Counsel.

S.      On December 18, 2015, the Parties filed a Joint Motion to Modify Amended Pretrial Schedule, seeking to briefly extend certain deadlines and dates, which the Court granted.

Following the Court's January 5, 2016 status conference, the Court issued a Second Amended Initial Pretrial Order setting forth certain pretrial dates, and an updated trial date of May 9, 2016.

T.      Defendants filed an opposition to Lead Plaintiffs' motion for class certification on January 14, 2016, and Lead Plaintiffs filed their reply on January 30, 2016.

U.      On February 12, 2016, Lead Plaintiffs filed a motion for partial summary judgment, seeking summary judgment as to certain elements of their claims.  The Court scheduled a hearing on the motion for April 13, 2016.  Defendants filed an opposition to Lead Plaintiffs' motion for summary judgment on February 29, 2016, and Lead Plaintiffs filed their reply on March 7, 2016.

V.      On March 3, 2016, the Parties filed motions to exclude testimony of certain of the other side's proffered experts.  The Parties also filed related motions to seal various briefing related to the summary judgment motion papers and motions to exclude, including up through March 7, 2016.

W.      The Parties have engaged in extensive investigation and discovery related to the allegations in the Action, including but not limited to the production of approximately 3 million pages of documents and information from the Parties and third-parties; meeting and conferring on numerous occasions regarding substantive and procedural discovery issues; serving and responding to requests for answers to interrogatories, requests for admissions, and requests for production of documents; serving third-party subpoenas; consulting with experts; and obtaining testimony from witnesses through 29 depositions.

X.      The Parties have engaged in extensive arm's-length settlement negotiations overseen by an experienced mediator.  On November 9, 2015, Lead Counsel and Defendants' Counsel, counsel and representatives of Lead Plaintiffs and Defendants, and certain of Genworth's insurance carriers, participated in a full-day mediation session before the Honorable Layn R.

Phillips (Fmr.).  In advance of that session, the Parties exchanged and provided to Judge Phillips detailed mediation statements and exhibits which addressed the issues of both liability and damages.  The session ended without any agreement being reached.

Y.     Over the course of the following months, as the litigation actively continued, Judge Phillips conducted further discussions with the Parties, and held another full-day mediation session on March 2, 2016, in which Lead Counsel and Defendants' Counsel, counsel and representatives of Lead Plaintiffs and Defendants, and certain of Genworth's insurance carriers, participated.  In advance of the second mediation session, the Parties exchanged and provided to Judge Phillips supplemental mediation materials. The session ended without any agreement being reached.

Z.     In connection with the mediation process, following the second mediation session and based on his experience resolving securities class actions and his knowledge and experience presiding over the negotiations in this particular case, Judge Phillips made a mediator's recommendation to settle the Action for $219 million, which the Parties ultimately accepted.  On March 11, 2016, the Parties executed a Settlement Term Sheet ("Term Sheet"), subject to the negotiation and execution of a customary "long form" stipulation and agreement of settlement and related papers.

AA.    This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

BB.    Based upon their investigation, prosecution and mediation process, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Lead Plaintiffs and the other members of the Settlement Class, and in their best interests.  Based on Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each of the Lead Plaintiffs has agreed to settle and release the

6

claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks of continued litigation and trial.

CC.    This Stipulation constitutes a compromise of matters that are in dispute between the Parties.  Defendants are entering into this Stipulation solely to eliminate the burden, risk, and expense of further protracted litigation.  Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of, or an admission or concession on the part of any of the Defendants with respect to, any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted.  The Defendants expressly deny that Lead Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever.  Similarly, this Stipulation shall in no event be construed or deemed to be evidence of, or an admission or concession on the part of any Lead Plaintiff of, any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.  Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed and prosecuted by Lead Plaintiffs in good faith and defended by Defendants in good faith, that the Action is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate and reasonable.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiffs (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys, and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of

the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)      "Action" means the consolidated securities class action in the matter styled *In re Genworth Financial, Inc., Securities Litigation*, 3:14-cv-00682-JAG (E.D. Va.), and includes all actions consolidated therein.

(b)      "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

(c)      "Authorized Claimant" means a Settlement Class Member who submits a Claim Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(d)      "Claim" means a Claim Form submitted to the Claims Administrator.

(e)      "Claim Form" means the form, substantially in the form attached hereto as Exhibit A-2, that a Claimant or Settlement Class Member must complete and submit, if that Claimant or Settlement Class Member seek to share in a distribution of the Net Settlement Fund.

(f)      "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to share in a distribution of the Net Settlement Fund.

(g)      "Claims Administrator" means the firm retained by Lead Plaintiffs and Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

(h)     "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(i)     "Complaint" means the Consolidated Class Action Complaint filed by Lead Plaintiffs in the Action on December 22, 2014.

(j)     "Court" means the United States District Court for the Eastern District of Virginia.

(k)     "Defendants" means Genworth and the Individual Defendants.

(l)     "Defendants' Counsel" means Weil, Gotshal & Manges LLP and McGuireWoods LLP.

(m)     "Defendants' Releasees" means each and every Defendant and Defendants' respective present and former parents, affiliates, subsidiaries, divisions, directors, Officers, general partners and limited partners, successors in interest, including but without limitation (as applicable to either (i) an Individual Defendant or (ii) the corporate Defendant and its respective present and former parents, affiliates, subsidiaries, divisions, directors, Officers, general partners and limited partners, or successors in interest), any person or entity in which any Defendant has or had a controlling interest, the present and former members of the Immediate Family, heirs, principals, trustees, trusts, executors, administrators, predecessors, successors, assigns, members, agents, subsidiaries, employees, Officers, managers, directors, general partners, limited partners, bankers, actuarial and other consultants, attorneys, accountants, auditors, representatives, estates, divisions, advisors, estate managers, indemnifiers, Directors and Officers Liability Program insurers for the period March 31, 2014 to March 31, 2015, and reinsurers of each of the foregoing persons and entities, in their respective capacities as such.

(n)     "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶37 of this Stipulation have been met and have occurred or have been waived.

(o)     "Escrow Account" means an account maintained at Citibank, N.A. wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(p)     "Escrow Agent" means Citibank, N.A.

(q)     "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(r)     "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant or, in the event that certiorari or other form of review is dismissed prior to final affirmance, upon the date of that dismissal.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (a) attorneys' fees, costs or expenses, or (b) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(s)     "Genworth" or the "Company" means Genworth Financial, Inc.

(t)     "Genworth Bonds" means Fixed Senior Unsecured Notes due 5/22/2018; Fixed Senior Unsecured Notes due 6/15/2020; Fixed Senior Unsecured Notes due 2/15/2021; Fixed Senior Unsecured Notes due 9/24/2021; Fixed Senior Unsecured Notes due 8/15/2023; Fixed Senior Unsecured Notes due 2/15/2024; Fixed Senior Unsecured Notes due 6/15/2034; and Variable Junior Subordinated Notes due 11/15/2066.

(u)     "Genworth Securities" means Genworth common stock (CUSIP No. 37247D106) and Genworth Bonds.

(v)     "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(w)     "Individual Defendants" means Thomas J. McInerney and Martin P. Klein.

(x)     "Insurers" means certain of Genworth's Directors and Officers Liability Program insurers for the period March 31, 2014 to March 31, 2015 who are paying a portion of the Settlement Amount as set forth herein.

(y)     "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(z)     "Lead Counsel" or "Co-Lead Counsel" means the law firms of Bernstein Litowitz Berger & Grossmann LLP and Bleichmar Fonti & Auld LLP.

(aa)     "Lead Plaintiffs" means Her Majesty the Queen in Right of Alberta and Fresno County Employees' Retirement Association.

11

(bb)   "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting and settling the Action (which may include the costs and expenses of Lead Plaintiffs directly related to their representation of the Settlement Class), for which Lead Counsel intend to apply to the Court for reimbursement from the Settlement Fund.

(cc)   "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court.

(dd)   "Notice" means the Notice of (I) Pendency of Class Action, Provisional Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-1, which is to be mailed to Settlement Class Members.

(ee)   "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing Notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees and expenses incurred in connection with the Escrow Account.

(ff)   "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

(gg)   "Parties" means Defendants and Lead Plaintiffs, on behalf of themselves and the Settlement Class.

(hh)   "Person" or "Persons" means any individual, corporation, general or limited partnership, association, joint stock company, joint venture, limited liability company,

professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

(ii)    "Plaintiffs' Counsel" means Lead Counsel and all other legal counsel who, at the direction and under the supervision of Lead Counsel, performed services on behalf of the Settlement Class in the Action.

(jj)    "Plaintiffs' Releasees" means Lead Plaintiffs, their respective attorneys, and all other Settlement Class Members, and their current and former Officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacity as such.

(kk)    "Plan of Allocation" means the proposed Plan of Allocation of the Net Settlement Fund, which, subject to the approval of the Court, shall be substantially in the form described in the Notice.

(ll)    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that Notice of the Settlement be provided to the Settlement Class.

(mm) "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(nn)    "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(oo)    "Released Defendants' Claims" means any and all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that the Defendants' Releasees could have asserted against any of the Plaintiffs' Releasees that arise out of or relate in any way to the institution,

prosecution, or settlement of the claims asserted in the Action.  Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

(pp)   "Released Plaintiffs' Claims" means any and all claims, rights, actions, issues, controversies, causes of action, duties, obligations, demands, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every kind, nature and description, including both known claims and Unknown Claims, whether arising under federal, state or foreign law, or statutory, common or administrative law, or any other law, rule or regulation, whether asserted as claims, cross-claims, counterclaims or third-party claims, whether fixed or contingent, choate or inchoate, accrued or not accrued, matured or unmatured, liquidated or unliquidated, perfected or unperfected, whether class or individual in nature, that previously existed, currently exist, exist as of the date of the Court approval of the Settlement or that may arise in the future, that Lead Plaintiffs or any other Settlement Class Member asserted in the Complaint or could have asserted in the Action or in any other action or in any forum (including, without limitation, any federal or state court, or in any other court, arbitration proceeding, administrative agency or other forum, in the U.S. or elsewhere) that in any way arise out of, are based upon, relate to or concern the claims, allegations, transactions, facts, circumstances, events, acts, disclosures, statements, representations, omissions or failures to act alleged, set forth, referred to, involved in, or which could have been raised in the Action or the Complaint, and that in any way arise out of, are based upon, relate to or concern the purchase or acquisition of Genworth Securities from October 30, 2013, through November 5, 2014, including, without limitation, claims that arise out of or relate to any disclosures (including in financial statements), U.S. Securities and Exchange Commission

filings, press releases, investor calls, registration statements, offering memoranda, web postings, presentations or any other statements by Defendants during the period October 30, 2013, through November 5, 2014.  Released Plaintiffs' Claims do not include:  (i) claims to enforce the Settlement and the Stipulation; (ii) claims for alleged breach of fiduciary duty brought derivatively; (iii) claims for alleged violation of the Employee Retirement Income Security Act of 1974; or (iv) claims of any person or entity who or which submits a request for exclusion that is accepted by the Court. For the sake of clarity, the Released Plaintiffs' Claims do not include the claims asserted in any filed derivative or ERISA action.

(qq)   "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

(rr)   "Releases" means the releases set forth in ¶¶6-7 of this Stipulation.

(ss)   "Releasing Parties" means collectively the Defendants' Releasees and Releasing Plaintiffs.

(tt)   "Releasing Plaintiffs" means each and all of the following: Lead Plaintiffs and each of the other Settlement Class Members (regardless of whether that Person actually submits a Claim Form, seeks or obtains a distribution from the Net Settlement Fund, is entitled to receive a distribution under the Plan of Allocation approved by the Court, or has objected to the Settlement, the Plan of Allocation, or the fee and expense application), on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such.

(uu)   "Settlement" means the settlement between Lead Plaintiffs, on behalf of the Settlement Class, and Defendants on the terms and conditions set forth in this Stipulation.

15

(vv) "Settlement Amount" means $219,000,000.00 (two-hundred nineteen million USD) in cash.

(ww) "Settlement Class" means all persons and entities who purchased or otherwise acquired the publicly traded Genworth Securities during the Settlement Class Period, and were allegedly damaged thereby.  Excluded from the Settlement Class are (i) Defendants; (ii) Officers and directors of Genworth during the Settlement Class Period; (iii) members of the Immediate Families of the Individual Defendants and of the Officers and directors of Genworth; (iv) any entity in which any Defendant had and/or has a controlling interest during the Settlement Class Period; (v) Defendants' Directors and Officers Liability Program insurers for the period March 31, 2014 to March 31, 2015; (vi) any affiliates or subsidiaries of Genworth; and (vii) the legal representatives, heirs, agents, affiliates, successors or assigns of any excluded person or entity.  Also excluded from the Settlement Class are any persons and entities who exclude themselves by submitting a request for exclusion that is accepted by the Court.  Notwithstanding the foregoing, Genworth's employee retirement and benefit plan shall not be deemed an affiliate of any Defendant, except that any Claim submitted on behalf of Genworth's employee retirement and benefit plan shall be pro-rated to exclude the proportion owned by the Defendants and other specifically excluded Persons.

(xx) "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

(yy) "Settlement Class Period" means the period between October 30, 2013, and November 5, 2014, inclusive.

(zz) "Settlement Fund" means the Settlement Amount plus any and all interest actually earned thereon.

(aaa)  "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(bbb) "Summary Notice" means the Summary Notice of (I) Pendency of Class Action, Provisional Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary Approval Order.

(ccc)  "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

(ddd) "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived,

17

any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Releasing Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but that Lead Plaintiff and the Defendants' Releasees nevertheless intend to and shall expressly, fully, finally, and forever settle and release, and each other Releasing Plaintiff shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment or the Alternate Judgment, if applicable, shall have settled and released, fully, finally, and forever, any and all Released Claims as applicable, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct, which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

18

## CLASS CERTIFICATION

2.      Solely for purposes of the Settlement and for no other purpose, Defendants stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a)(1)-(4), 23(b), and 23(e) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) appointment of Lead Plaintiffs as Class Representatives for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.  If this Stipulation is terminated, the Settlement is not approved by the Court, or the Effective Date does not occur, the Action shall proceed as if the Settlement Class had never been conditionally certified. Nothing in this Stipulation or the Settlement shall in any way affect Defendants' right to oppose any motion for certification of a class in the Action and Defendants expressly reserve all rights to oppose any motion for class certification.

## PRELIMINARY APPROVAL OF SETTLEMENT

3.      Promptly upon execution of this Stipulation, Lead Plaintiffs will move for preliminary approval of the Settlement, certification of the Settlement Class for settlement purposes only, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants provided that it is consistent with this Stipulation. Concurrently with the motion for preliminary approval, Lead Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

4.      From the date of this Stipulation through the Effective Date of the Stipulation, Lead Plaintiffs and their counsel agree, other than for those matters necessary to implement and effectuate the Settlement itself: (a) not to take any steps to prosecute any of the Released Plaintiffs'

19

Claims against any of the Defendants' Releasees; and (b) not to initiate or participate in any proceedings arising out of, based upon or concerning any of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

## RELEASE OF CLAIMS

5.      The obligations incurred pursuant to this Stipulation are in consideration of: (a) the full and final disposition of the Action as against Defendants; and (b) the Releases provided for herein.

6.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, the Releasing Plaintiffs:  (i) have and shall be deemed to have fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Released Plaintiffs' Claims against each and every one of the Defendants' Releasees; (ii) have and shall be deemed to have covenanted not to sue, directly or indirectly, any of the Defendants' Releasees with respect to any or all of the Released Plaintiffs' Claims; and (iii) shall forever be barred and enjoined from directly or indirectly, filing, commencing, instituting, prosecuting, maintaining, or intervening in any action, suit, cause of action, arbitration, claim demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon or arises out of any or all of the Released Plaintiffs' Claims against any of the Defendants and the other Defendants' Releasees.  Lead Plaintiffs and each of the other Settlement Class Members shall be bound by the terms of the releases set forth in this Stipulation whether or not they submit a valid and timely Claim Form, take any other action to obtain recovery from the Settlement Fund, or seek, or actually receive a distribution from the Net Settlement Fund.

7.     Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, the Defendants' Releasees shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Lead Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from directly or indirectly, filing, commencing, instituting, prosecuting, maintaining, intervening in, participating in (as a class member or otherwise), or receiving any benefits or other relief, from any action, suit, cause of action, arbitration, claim demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon, arises out of, or relates to any or all of the Released Defendants' Claims against any of the Lead Plaintiffs and the other Plaintiffs' Releasees.  This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

8.     Notwithstanding ¶¶6-7 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

9.     In consideration of the settlement of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, Defendants have paid or shall cause to be paid the Settlement Amount into the Escrow Account as follows:  (a)  the portion of the Settlement Amount to be paid by the Company ($69,000,000.00) (sixty-nine million USD) has been paid; and (b) the portion of the Settlement Amount to be paid by the respective Genworth Directors and Officers Liability Program insurers for the period March 31, 2014 to March 31, 2015

($150,000,000.00) (one-hundred fifty million USD), shall be paid on behalf of Defendants within twenty-one (21) business days after the Court enters the Preliminary Approval Order.

10.     The Settlement Amount represents the entirety of the Defendants' Releasees' financial obligations under this Stipulation and in connection with this Settlement, meaning that it includes all attorneys' fees and expenses, Notice and Administration Costs, Taxes, and costs of any kind whatsoever associated with the Settlement. The payment of the Settlement Amount into the Escrow Account by Genworth and its Directors and Officers Liability Program insurers for the period March 31, 2014 to March 31, 2015 in accordance with ¶9 above fully discharges the Defendants' Releasees' financial obligations under this Stipulation and in connection with the Settlement, meaning that no Defendants' Releasees shall have any other obligation to make any payment into the Escrow Account or to any Settlement Class Member, or any other Person, under this Stipulation or as part of the Settlement. For the avoidance of doubt, under no circumstances shall the total to be paid by Defendants' Releasees under this Stipulation exceed the Settlement Amount.

## USE OF SETTLEMENT FUND

11.     The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶27-32 below.

12.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of

22

this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC.  In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.  Defendants' Releasees shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions by the Escrow Agent.

13.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  The Defendants' Releasees shall not have any liability or responsibility for any such Taxes.  Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," jointly with the Defendants, as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable

date, and shall take or cause to be taken all actions (including any necessary joint action with the Defendants) as may be necessary or appropriate in connection therewith.

14.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  The Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or their agents with respect to the payment of Taxes, as described herein.

15.     The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever (including without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims (defined in the Plan of Allocation) of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund), except as set forth in ¶48 below.

16.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, upon entry of the Preliminary Approval Order by the Court, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial

owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

17.     The Defendants' Releasees and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel, the Escrow Agent, or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation or its implementation, administration, or interpretation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, or costs incurred in connection with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.

18.     Subject to approval of the Court, and unless otherwise ordered by the Court, if there is any balance remaining in the Net Settlement Fund after at least nine (9) months from the date of the initial distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the

25

Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to the Virginia Health Care Foundation, a non-sectarian, not-for-profit organization, or other non-sectarian, not-for-profit organization recommended by Lead Counsel and approved by the Court.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

19.    Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid from (and out of) the Settlement Fund.  Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of Lead Plaintiffs' costs and expenses directly related to their representation of the Settlement Class, to be paid from (and out of) the Settlement Fund.  Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiffs other than what is set forth in this Stipulation.

20.    Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to

the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final.  Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final.  An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Neither Lead Plaintiffs nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

21.     It shall be the responsibility and obligation of Lead Counsel (or their successors) to ensure repayment under ¶20, and Lead Counsel (or their successors) submit themselves to the jurisdiction of the Court in the event of any dispute in connection with this ¶21 and ¶20.  Lead Counsel agree to incorporate their obligation under the preceding sentence into any proposed order awarding attorneys' fees and Litigation Expenses filed with the Court.  Each Lead Counsel's law firm receiving fees and Litigation Expenses, as a condition of receiving such fees and Litigation Expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purposes of enforcing the provisions of this ¶21 and ¶20.  The obligations in this ¶21 and ¶20 shall survive and remain in full force and effect and be binding in all respects on the Settling Parties even if this Stipulation is terminated, the Settlement is not approved, or the Effective Date does not occur.

22.     Lead Plaintiffs, Lead Counsel, and the Settlement Class Members shall have no recourse against the Defendants' Releasees for the payment of any attorneys' fees or Litigation Expenses.

23.     Lead Counsel shall allocate the attorneys' fees awarded amongst counsel of record in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution and settlement of the Action.  Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses.  The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely from the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

24.     As part of the Preliminary Approval Order, Lead Plaintiffs shall seek appointment of a Claims Administrator.  The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court.  Other than Genworth's obligation to provide its securities holders records as provided in ¶25 below, none of the Defendants, nor any other Defendants' Releasees, shall have any involvement in or any responsibility, authority or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiffs, any other Settlement Class Members or Lead Counsel in connection with the foregoing.  Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

25.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Notice and Claim Form to those members of the Settlement Class as may be identified through reasonable effort.  Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.  For the purposes of identifying and providing notice to the Settlement Class, within five (5) business days of the date of entry of the Preliminary Approval Order, Genworth shall use reasonable efforts to provide or cause to be provided to Lead Counsel in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) its security lists (consisting of names and addresses) of:  (a) the record holders of Genworth common stock during the Settlement Class Period by searching its files and requesting a list of record holders from its transfer agent; and (b) record holders of Genworth Bonds as of the start date and end date of the Settlement Class Period.

26.     Upon receiving any request(s) for exclusion pursuant to the Notice, Lead Counsel shall use their best efforts to promptly notify Defendants' Counsel of such request(s) for exclusion upon receiving each request for exclusion, and no later than five (5) calendar days after receiving a request for exclusion or fifteen (15) calendar days prior to the Settlement Hearing, whichever is earlier, provided they are timely received, and provide copies of such request(s) for exclusion and any documentation accompanying them by email.  Lead Counsel, and other counsel for Lead Plaintiffs, and Lead Plaintiffs shall not act to encourage or assist Settlement Class Members to exclude themselves from the Settlement Class.

27.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared

to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit A-1, or in such other plan of allocation as the Court approves).

28.    Lead Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action.  Any orders or proceedings relating to the Plan of Allocation (or any other such plan of allocation as may be approved by the Court) as well as any appeal therefrom (or appellate ruling) shall not: (a) operate to modify, terminate or cancel this Settlement; (b) modify, terminate or impact in any way the Releases set forth herein; (c) affect or delay the validity or finality of the Judgment or Alternative Judgment, if applicable, or any other orders entered by the Court giving effect to this Stipulation; (d) affect or delay the Effective Date; (e) provide any ground or otherwise permit any Person (including Lead Plaintiffs and the other Settlement Class Members), or any of their counsel, to cancel, terminate or withdraw from the Stipulation or the Settlement; and/or (f) affect or delay the validity of the Settlement.  Defendants and the other Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action provided that such plan is consistent with this Stipulation. No Defendant, nor any other Defendants' Releasees, shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Court-approved plan of allocation.  Any Settlement Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment or, the Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other

proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

29.     Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval.  No Defendant, or any other Defendants' Releasees, shall be permitted to review, contest or object to any Claim Form, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member.  Notwithstanding the foregoing, Defendants and Defendants' Releasees may confidentially obtain copies of a Claimant's Claim Form if necessary to enforce any and all terms of the Settlement, including but not limited to, in the event there is a dispute concerning the timing or validity of a request for exclusion from the Settlement Class.  Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

30.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Settlement Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit A-2, supported by such documents as are designated therein, including proof of the Claimant's alleged loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)     All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice.  Any Settlement Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such

31

Settlement Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiffs' Claim.  Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)    Each Claim Form shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)    Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)    If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the

notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

31.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits, prosecution, or defense of this Action or of the Settlement in connection with the processing of Claim Forms.

32.     Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

33.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members.  All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred

33

and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

34.     No person or entity shall have any claim against Lead Plaintiffs, Lead Counsel, the Claims Administrator or any other agent designated by Lead Counsel, or the Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Lead Plaintiffs and Defendants, and their respective counsel, and Lead Plaintiffs' damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

35.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

36.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.  The proposed Judgment shall contain, *inter alia*, the releases described in ¶¶6-7 of this Stipulation and the following provisions:

(a)     Upon the Effective Date, the Releasing Plaintiffs (i) have and shall be deemed to have fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Released Plaintiffs' Claims against each and every one of the Defendants' Releasees; (ii) have and shall be deemed to have covenanted not to sue, directly or indirectly, any of the Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims; and (iii) shall forever be barred and enjoined from directly or indirectly, filing, commencing, instituting, prosecuting, maintaining, or intervening in any action, suit, cause of action, arbitration, claim demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon or arises out of any or all of the Released Plaintiffs' Claims against any of the Defendants and the other Defendants' Releasees.  All Releasing Plaintiffs shall be bound by the terms of the releases set forth in the Stipulation and this Judgment, whether or not they submit a valid and timely Claim Form, take any other action to obtain recovery from the Settlement Fund, or seek, or actually receive a distribution from the Net Settlement Fund.

(b)     Upon the Effective Date, the Defendants' Releasees shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Lead Plaintiffs and the other Plaintiffs' Releasees and shall forever be barred and enjoined from directly or indirectly, filing, commencing, instituting, prosecuting, maintaining, intervening in, participating in (as a class member or otherwise), or receiving any benefits or other relief, from any action, suit, cause of action, arbitration, claim demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon, arises

out of, or relates to any or all of the Released Defendants' Claims against any of the Lead Plaintiffs and the other Plaintiffs' Releasees.

### CONDITIONS OF SETTLEMENT AND EFFECT OF
### <u>DISAPPROVAL, CANCELLATION OR TERMINATION</u>

37.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶3 above;

(b)     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶9 above;

(c)     Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement described in ¶41 below);

(d)     Lead Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)     the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

38.     Upon the occurrence of all of the events referenced in ¶37 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

39.     Except as otherwise stated herein, if (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

(b)     Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of March 11, 2016, with any further schedule to be set by the Court.

(c)     The terms and provisions of this Stipulation, with the exception of this ¶39 and ¶¶16, 17, 20, 21, 45, 66 and 68, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)     Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶20 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing shall be refunded by the Escrow Agent directly to Genworth, and directly to the Directors and Officers Liability Program insurers for the period March 31, 2014 to March 31, 2015, in proportion to their contributions to the Settlement Amount.  In the event that the funds received by Lead Counsel consistent with ¶20 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, consistent with ¶20 above, those funds shall be refunded by the Escrow Agent directly to Genworth, and directly to the Directors

37

and Officers Liability Program insurers for the period March 31, 2014 to March 31, 2015, in proportion to their contributions to the Settlement Amount, immediately upon their deposit into the Escrow Account no later than thirty (30) days after receiving from Defendants' Counsel notice of the termination of the Settlement.

40.     It is further stipulated and agreed that Lead Plaintiffs, provided they unanimously agree, and Defendants, provided they unanimously agree, shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Fourth Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Fourth Circuit or the United States Supreme Court, and the provisions of ¶39 above shall apply.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

41.     In addition to the grounds set forth in ¶40 above, Defendants, provided they unanimously agree, shall have the unilateral right to terminate the Settlement in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet

the conditions set forth in Defendants' confidential supplemental agreement with Lead Plaintiffs (the "Supplemental Agreement"), in accordance with the terms of that agreement. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Lead Plaintiffs and Defendants concerning its interpretation or application.

42.    If either of the Parties terminates the Settlement and this Stipulation (whether in accordance with the provisions hereof or otherwise) but the other disputes the basis for that termination, the Parties agree that disagreements will be resolved by Judge Phillips, who has full authority to make binding determinations. If for any reason Judge Phillips is unavailable or has a conflict, a substitute neutral will be agreed upon by the Parties, or in the absence of agreement, appointed by Judge Phillips.

## NO ADMISSION OF WRONGDOING

43.    Defendants have denied and continue to deny, *inter alia*, that Lead Plaintiffs and Settlement Class Members have suffered any damages alleged in the Complaint; that the price of Genworth Securities was artificially inflated by reason of any alleged misrepresentations, omissions, or otherwise; that Defendants acted fraudulently or wrongfully in any way; that Defendants made any alleged material misrepresentation or omission; or that the alleged harm suffered by Lead Plaintiffs and other Settlement Class Members, if any, was causally linked to any alleged misrepresentations or omissions. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action.

44.     Nonetheless, the Defendants have concluded that further litigation of the Action, especially given the complexity of cases such as this one, would be protracted, burdensome, and expensive, and that it is desirable and beneficial to them that they secure releases to the fullest extent permitted by law and that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Stipulation.

45.     Neither the Term Sheet, this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and this Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any allegation by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding;

(b)     shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not

40

have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that, notwithstanding the foregoing, if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may file or refer to this Stipulation or the Judgment in any action that may be brought to enforce the terms of this Stipulation or the Judgment.

## <u>MISCELLANEOUS PROVISIONS</u>

46.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

47.     Defendants warrant that, as to the payments made or to be made by or on behalf of them, at the time of entering into this Stipulation and at the time of such payment they, or to their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This representation is made by each of the Defendants and not by their counsel.

48.     In the event that Genworth commences a case under Title 11 of the United States Code (the Bankruptcy Code), or a trustee, receiver, conservator, or other fiduciary is appointed under any similar law and:

(A) Such commencement is prior to the Effective Date, Lead Plaintiffs are permitted to either:

(1)  Terminate the Settlement in its entirety, in which case Lead Plaintiffs shall have no right to or interest in the Settlement Fund, and this Stipulation, including the releases contained therein, shall be null and void as set forth and the funds returned pursuant to the terms above in ¶39; or

(2)  Retain the Settlement Amount, in which case this Stipulation shall remain in full force and effect.

(B) In the event of such commencement and a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of any Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned to the Company or its bankruptcy estate is entered prior to the date of the first distribution of settlement funds to the Settlement Class, and such amount is not promptly deposited in the Settlement Fund by others, then, at the election of Lead Counsel, Lead Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the releases given and the Judgment or Alternate Judgment entered in favor of Defendants and the other Releasees, in which event this Stipulation, including the Releases contained therein, shall be null and void and the funds returned as set forth and pursuant to the terms above in ¶39.

49.     Defendants shall be responsible for timely service of any notice that might be required pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"), including by

mailing the CAFA notice within ten (10) calendar days of the filing of this Stipulation with the Court.  Defendants shall promptly inform Lead Counsel that such timely mailing has occurred.

50.     The Parties intend this Stipulation and the Settlement to be the final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiffs and any other Settlement Class Members against the Defendants' Releasees with respect to the Released Plaintiffs' Claims.  Accordingly, Lead Plaintiffs and their counsel and Defendants and their counsel agree not to assert in any forum that this Action was brought by Lead Plaintiffs or defended by Defendants in bad faith or without a reasonable basis.  No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action.  The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, including through a mediation process supervised and conducted by Judge Phillips, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

51.     While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution), will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel.  In all events, Lead Plaintiffs and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution

43

of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

52.    The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Lead Plaintiffs and Defendants (or their successors-in-interest).

53.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

54.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

55.    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

56.    This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Lead Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

57.    This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

58.    This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

59.    The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the State of Virginia without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

60.    Any action arising under or to enforce this Stipulation, or any portion thereof, shall be commenced and maintained only in the Court.

61.    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

62.    All counsel and any other Person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

63.    Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other

documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

64.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

| | |
|---|---|
| If to Lead Plaintiffs or Lead Counsel: | Bernstein Litowitz Berger & Grossmann LLP<br>Attn:  David R. Stickney, Esq.<br>Jonathan D. Uslaner, Esq.<br>Niki L. Mendoza, Esq.<br>12481 High Bluff Drive, Suite 300<br>San Diego, CA 92130<br>Telephone:  (858) 793-0070<br>Facsimile:  (858) 793-0323<br>Email: davids@blbglaw.com<br>jonathanu@blbglaw.com<br>nikim@blbglaw.com<br>        -and-<br>Bleichmar Fonti & Auld LLP<br>Attn:  Joseph A. Fonti, Esq.<br>7 Times Square, 27th Floor<br>New York, NY 10036<br>Telephone:  (212) 789-1340<br>Facsimile:  (212) 205-3960<br>Email:  jfonti@bfalaw.com |
| If to Defendants or Defendants' Counsel: | Weil, Gotshal & Manges LLP<br>Attn:  Greg A. Danilow, Esq.<br>Caroline H. Zalka, Esq.<br>767 Fifth Avenue<br>New York, NY 10153<br>Telephone:  (212) 310-8000<br>Facsimile:  (212) 310-8007<br>Email:  greg.danilow@weil.com<br>caroline.zalka@weil.com |

65.     Except as otherwise provided herein, each Party shall bear its own costs.

66.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential.

67.     Nothing in this Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, the attorney client privilege, the joint defense privilege, or work product protection.

68.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.  Consistently with Section 10 of the Stipulated Protective Order entered into on June 25, 2015, which shall survive this Stipulation, all Confidential Discovery Material, including all copies thereof and material derived therefrom, shall be returned to the producing party or destroyed within sixty (60) days after the Effective Date.

69.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of April 1, 2016.

                              **BERNSTEIN LITOWITZ BERGER**
                              **& GROSSMANN LLP**

47

By: _____

    David R. Stickney
    Jonathan D. Uslaner
    Niki L. Mendoza
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone:  (858) 793-0070
Facsimile:  (858) 793-0323

***Counsel for Lead Plaintiff Fresno County
Employees' Retirement Association and
Co-Lead Counsel for the Settlement Class***


**BLEICHMAR FONTI & AULD LLP**


By: _____

    Javier Bleichmar
    Joseph A. Fonti
7 Times Square, 27th Floor
New York, NY 10036
Telephone:  (212) 789-1340
Facsimile:  (212) 205-3960

***Counsel for Lead Plaintiff Her Majesty the
Queen in Right of Alberta and Co-Lead
Counsel for the Settlement Class***


**WEIL, GOTSHAL & MANGES LLP**


By: _____

    Greg A. Danilow
    Caroline H. Zalka
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007

***Counsel for Defendants Genworth
Financial, Inc., Thomas J. McInerney and
Martin P. Klein***

48

By: _____
    David R. Stickney
    Jonathan D. Uslaner
    Niki L. Mendoza
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: (858) 793-0070
Facsimile: (858) 793-0323

*Counsel for Lead Plaintiff Fresno County*
*Employees' Retirement Association and*
*Co-Lead Counsel for the Settlement Class*


**BLEICHMAR FONTI & AULD LLP**

By: _____
    Javier Bleichmar
    Joseph A. Fonti
7 Times Square, 27th Floor
New York, NY 10036
Telephone: (212) 789-1340
Facsimile: (212) 205-3960

*Counsel for Lead Plaintiff Her Majesty the*
*Queen in Right of Alberta and Co-Lead*
*Counsel for the Settlement Class*


**WEIL, GOTSHAL & MANGES LLP**

By: _____
    Greg A. Danilow
    Caroline H. Zalka
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Counsel for Defendants Genworth*
*Financial, Inc., Thomas J. McInerney and*
*Martin P. Klein*

48

By: _____
    David R. Stickney
    Jonathan D. Uslaner
    Niki L. Mendoza
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: (858) 793-0070
Facsimile: (858) 793-0323

*Counsel for Lead Plaintiff Fresno County Employees' Retirement Association and Co-Lead Counsel for the Settlement Class*

**BLEICHMAR FONTI & AULD LLP**

By: _____
    Javier Bleichmar
    Joseph A. Fonti
7 Times Square, 27th Floor
New York, NY 10036
Telephone: (212) 789-1340
Facsimile: (212) 205-3960

*Counsel for Lead Plaintiff Her Majesty the Queen in Right of Alberta and Co-Lead Counsel for the Settlement Class*

**WEIL, GOTSHAL & MANGES LLP**

By: _____
    Greg A. Danilow
    Caroline H. Zalka
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Counsel for Defendants Genworth Financial, Inc., Thomas J. McInerney and Martin P. Klein*

48

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| IN RE GENWORTH FINANCIAL, INC. SECURITIES LITIGATION | Civ. A. No. 3:14-cv-00682-JAG <br><br> Hon. John A. Gibney, Jr. <br><br> **CLASS ACTION** <br><br> **EXHIBIT A** |

**[PROPOSED] ORDER PRELIMINARILY APPROVING**
**SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, a class action is pending in this Court entitled *In re Genworth Financial, Inc. Securities Litigation*, 3:14-cv-00682 (E.D. Va.) (the "Action");

WHEREAS, (a) Lead Plaintiffs Her Majesty the Queen in Right of Alberta and Fresno County Employees' Retirement Association (collectively, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and (b) defendants Genworth Financial, Inc. ("Genworth"), and Thomas J. McInerney and Martin P. Klein (collectively, the "Individual Defendants," and, together with Genworth, the "Defendants"; and together with Lead Plaintiffs, the "Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiffs have made a motion, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing notice to Settlement Class Members as more fully described herein;

1

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a)(1)-(4) and 23(b) and 23(e) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities who purchased or otherwise acquired the publicly traded Genworth Securities[1] during the Settlement Class Period, and were allegedly damaged thereby.  Excluded from the Settlement Class are (i) Defendants; (ii) Officers and directors of Genworth during the Settlement Class Period; (iii) members of the Immediate Families of the Individual Defendants and of the Officers and directors of Genworth; (iv) any entity in which any Defendant had and/or has a controlling interest during the Settlement Class Period; (v) Defendants' Directors and Officers Liability Program insurers for the period March 31, 2014 to March 31, 2015; (vi) any affiliates or subsidiaries of Genworth; and (vii) the legal representatives, heirs, agents, affiliates, successors or assigns of any excluded person or entity.  Also excluded from the Settlement Class are any persons and entities who exclude themselves by submitting a request for exclusion that is accepted by the Court. Notwithstanding the foregoing, Genworth's employee retirement and

---

[1] "Genworth Securities" means the following securities:  Genworth common stock (CUSIP No. 37247D106) and Fixed Senior Unsecured Notes due 5/22/2018; Fixed Senior Unsecured Notes due 6/15/2020; Fixed Senior Unsecured Notes due 2/15/2021; Fixed Senior Unsecured Notes due 9/24/2021; Fixed Senior Unsecured Notes due 8/15/2023; Fixed Senior Unsecured Notes due 2/15/2024; Fixed Senior Unsecured Notes due 6/15/2034; and Variable Junior Subordinated Notes due 11/15/2066 (the "Genworth Bonds").

benefit plan shall not be deemed an affiliate of any Defendant, except that any Claim submitted on behalf of Genworth's employee retirement and benefit plan shall be pro-rated to exclude the proportion owned by the Defendants and other specifically excluded Persons.

2.    **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.    The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs Her Majesty the Queen in Right of Alberta and Fresno County Employees' Retirement Association are adequate class representatives and certifies them as Class Representatives for the Settlement Class.  The Court also appoints Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.    **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.        **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2016 at __:__ _.m. at the Spottswood W. Robinson III and Robert R. Merhige, Jr., Federal Courthouse, 701 East Broad Street, Richmond, VA 23219, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.        The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7.        **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel are hereby authorized to retain Epiq Class Action & Mass Tort Solutions, Inc. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)     within five (5) business days of the date of entry of this Order, Genworth shall use reasonable efforts to provide or cause to be provided to Lead Counsel in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) its security lists (consisting of names and addresses) of the record holders of Genworth Securities during the Settlement Class Period, as set forth in the Stipulation;

(b)     not later than ten (10) calendar days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits A-1 and A-2, respectively (the "Notice Packet"), to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records provided by Genworth or in the records which Genworth caused to be provided, or who otherwise may be identified through further reasonable effort;

(c)     contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)     not later than five (5) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit A-3, to be published once in *The Wall Street Journal* and *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(e)     not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.     **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits A-1, A-2, and A-3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9.     **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Genworth Securities during the Settlement Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all

such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10.     **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

11.     Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional

and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12.     Any Settlement Class Member who does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) shall forever be barred and enjoined from directly or indirectly, filing, commencing, instituting, prosecuting, maintaining, or intervening in any action, suit, cause of action, arbitration, claim demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon or arises out of any or all of the Released Plaintiffs' Claims against any of the Defendants and the other Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above.

13.     **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *In re Genworth Financial, Inc. Securities Litigation*, EXCLUSIONS, P.O. Box 4390, Portland, OR 97208-4390, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Genworth Financial, Inc. Securities Litigation,* Case No. 3:14-CV-00682"; (iii) identify and state the number of each Genworth Security (in terms of shares of Genworth common stock and face value of Genworth Bonds) that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period (*i.e.,* between October 30, 2013, and November 5, 2014, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

14.     Any person or entity who timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

15.     Any Settlement Class Member who does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) shall be forever barred and enjoined from directly or indirectly, filing, commencing, instituting, prosecuting, maintaining, or intervening in any action, suit, cause of action, arbitration, claim demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon or arises out of any or all of the Released Plaintiffs' Claims against any of the Defendants and the other Defendants' Releasees, as more fully described in the Stipulation and Notice.

16.     **<u>Appearance and Objections at Settlement Hearing</u>** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

17.     Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of

Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

<table>
<tr><td><u>**Lead Counsel**</u></td><td><u>**Defendants' Counsel**</u></td></tr>
<tr><td>Bernstein Litowitz Berger &<br>Grossmann LLP<br>David R. Stickney, Esq.<br>12481 High Bluff Drive, Suite 300<br>San Diego, CA 92130<br>-and-<br>Bleichmar Fonti & Auld LLP<br>Joseph A. Fonti, Esq.<br>7 Times Square, 27th Floor<br>New York, NY 10036</td><td>Weil, Gotshal & Manges LLP<br>Greg A. Danilow, Esq.<br>767 Fifth Avenue<br>New York, NY 10153</td></tr>
</table>

18.     Any objections, filings and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of each Genworth Security (in terms of shares of Genworth common

stock or face value of Genworth Bonds) that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period (*i.e.,* between October 30, 2013, and November 5, 2014, inclusive), as well as the dates and prices of each such purchase/acquisition and sale.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19.     Any Settlement Class Member who does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20.     **Stay** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.

21.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

22.     **Settlement Fund** – The contents of the Settlement Fund held by Citibank, N.A. (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23.     **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of March 11, 2016, as provided in the Stipulation.

25.     **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption,

13

concession, or admission by any of the Defendants' Releasees with respect to the truth of any allegation by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that, notwithstanding the foregoing, if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may file or refer to the Stipulation or the Judgment in any action that may be brought to enforce the terms of the Stipulation or the Judgment.

26. **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35)

calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served

no later than fourteen (14) calendar days prior to the Settlement Hearing.

27.     The Court retains jurisdiction to consider all further applications arising out of or

connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2016.


_____
The Honorable John A. Gibney, Jr.
United States District Judge

# EXHIBIT A-1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| IN RE GENWORTH FINANCIAL, INC. SECURITIES LITIGATION | Civ. A. No. 3:14-cv-00682-JAG <br><br> Hon. John A. Gibney, Jr. <br><br> **EXHIBIT A-1** |

**NOTICE OF (I) PENDENCY OF CLASS ACTION, PROVISIONAL CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Eastern District of Virginia (the "Court"), if, during the period between October 30, 2013, and November 5, 2014 (the "Settlement Class Period"), you purchased or otherwise acquired any of the publicly traded Genworth Securities, and were allegedly damaged thereby.  "Genworth Securities" includes Genworth common stock (CUSIP No. 37247D106) and the following Genworth Bonds:   Fixed Senior Unsecured Notes due 5/22/2018; Fixed Senior Unsecured Notes due 6/15/2020; Fixed Senior Unsecured Notes due 2/15/2021; Fixed Senior Unsecured Notes due 9/24/2021; Fixed Senior Unsecured Notes due 8/15/2023; Fixed Senior Unsecured Notes due 2/15/2024; Fixed Senior Unsecured Notes due 6/15/2034; and Variable Junior Subordinated Notes due 11/15/2066.[1]

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiffs, Her Majesty the Queen in Right of Alberta ("Alberta") and Fresno County Employees' Retirement Association ("Fresno") ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in paragraph 25 below), have reached a proposed settlement of the Action for $219 million USD in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement (the "Stipulation"), which is available at www.GenworthSecuritiesSettlement.com.

1

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Genworth, any other Defendants in the Action, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* paragraphs 6 and 65 below).**

1.   __Description of the Action and the Settlement Class:__   This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Genworth Financial, Inc. ("Genworth"), Thomas J. McInerney, and Martin P. Klein (collectively, the "Defendants") violated the federal securities laws by making false and misleading statements about Genworth's long-term care ("LTC") insurance business and reserves related thereto.  A more detailed description of the Action is set forth in paragraphs 11-24 below.  The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 25 below.  Defendants have denied and continue to deny, among other things, that Lead Plaintiffs and Settlement Class Members have suffered any damages alleged in the Complaint; that the price of Genworth Securities was artificially inflated by reason of any alleged misrepresentations, omissions, or otherwise; that Defendants acted fraudulently or wrongfully in any way; that Defendants made any alleged material misrepresentation or omission; or that the alleged harm suffered by Lead Plaintiffs and other Settlement Class Members, if any, was causally linked to any alleged misrepresentations or omissions.  In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the action.

2.   __Statement of the Settlement Class's Recovery:__   Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $219 million in cash (the "Settlement Amount") that has been or will be deposited into an escrow account.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class.  The proposed plan of allocation (the "Plan of Allocation") is attached to this Notice as the Appendix.

3.   __Estimate of Average Amount of Recovery Per Share or Bond:__   Based on Lead Plaintiffs' damages expert's estimates of the number of Genworth Securities purchased during the Settlement Class Period that may have been affected by the conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible share of Genworth common stock is $0.71, and per eligible $1,000 in par value of Genworth Bonds is $21.42.  Settlement Class Members should note, however, that the foregoing average recovery per share or bond is only an estimate.  Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, which Genworth Securities they purchased, when and at what prices they purchased/acquired or sold their Genworth Securities, and the total number of valid Claim Forms submitted.  Distributions to Settlement Class Members will be made based on the Plan of Allocation attached to this Notice as the Appendix or such other plan of allocation as may be ordered by the Court.

2

4.  **Average Amount of Damages Per Share or Bond:**  The Parties do not agree on the average amount of damages per share or Bond that would be recoverable if Lead Plaintiffs were to prevail in the Action.  Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5.  **Attorneys' Fees and Expenses Sought:**  Court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP and Bleichmar Fonti & Auld LLP ("Lead Counsel"), which have been prosecuting the Action on a wholly contingent basis since its inception in 2014, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action.  Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 29% of the Settlement Fund.  In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred on behalf of Plaintiffs' Counsel in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $4.5 million, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class.  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.  Estimates of the average cost per affected share or Bond of Genworth Securities, if the Court approves Lead Counsel's fee and expense application, is $0.22 per eligible share of Genworth common stock and $6.65 per eligible $1,000 in par value of Genworth Bonds.

6.  **Identification of Attorneys' Representatives:** Lead Plaintiffs and the Settlement Class are represented by Lead Counsel David R. Stickney, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 12481 High Bluff Drive, Suite 300, San Diego, CA 92130, (866) 648-2524, blbg@blbglaw.com, and Joseph A. Fonti, Esq. of Bleichmar Fonti & Auld LLP, 7 Times Square, 27th Floor, New York, NY 10036, (888) 879-9418, jfonti@bfalaw.com, and Local Counsel Susan R. Podolsky, Esq. of Law Offices of Susan R. Podolsky, 1800 Diagonal Road, Suite 600, Alexandria, VA 22314.

7.  **Reasons for the Settlement:**  Lead Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery, or no recovery at all, might be achieved after additional contested motions, a trial of the Action and the likely appeals that would follow a trial.  This process could last one or more additional years.  Defendants have stated that they deny all allegations of wrongdoing or liability whatsoever and are entering into the Settlement solely to eliminate the burden, risk and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 2016.** | This is the only way to be potentially eligible to receive a payment from the Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in paragraph 35 below) that you have against Defendants and |

3

| | |
|---|---|
| | the other Defendants' Releasees (defined in paragraph 36 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2016.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2016.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and Litigation Expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON _____, 2016 AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2016.** | Filing a written objection and notice of intention to appear by _____, 2016, allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

---

**WHAT THIS NOTICE CONTAINS**

Why Did I Get This Notice?                                            Page __
What Is This Case About?                                              Page __
How Do I Know If I Am Affected By The Settlement?
    Who Is Included In The Settlement Class?                          Page __
What Are Lead Plaintiffs' Reasons For The Settlement?                 Page __
What Might Happen If There Were No Settlement?                       Page __
How Are Settlement Class Members Affected By The Action

4

And The Settlement? Page __
How Do I Participate In The Settlement?  What Do I Need To Do? Page __
How Much Will My Payment Be? Page __
What Payment Are The Attorneys For The Settlement Class Seeking?
  How Will The Lawyers Be Paid? Page __
What If I Do Not Want To Be A Member Of The Settlement Class?
   How Do I Exclude Myself? Page __
When And Where Will The Court Decide Whether To Approve The Settlement?
   Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
   Don't Like The Settlement? Page __
What If I Bought Shares On Someone Else's Behalf? Page __
Can I See The Court File?  Whom Should I Contact If I Have Questions? Page __

**WHY DID I GET THIS NOTICE?**

8.   The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired one or more of the Genworth Securities (listed above) during the Settlement Class Period.   The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.   The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  *See* paragraph 56 below for details about the Settlement Hearing, including the date and location of the hearing.

10.   The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

**WHAT IS THIS CASE ABOUT?**

11.   Beginning on August 19, 2014, securities class action complaints against Genworth and others were filed in federal court.  By Order dated November 6, 2014, the United States District Court for the Eastern District of Virginia (the "Court") appointed Alberta and Fresno as Lead Plaintiffs; approved their choice of counsel as Lead Counsel; and ordered that the Action be

captioned as *In re Genworth Financial, Inc. Securities Litigation,* Civil Action Number 3:14-cv-00682.

12.    On December 22, 2014, Lead Plaintiffs filed their Consolidated Class Action Complaint (the "Complaint") asserting claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against Thomas J. McInerney and Martin P. Klein under Section 20(a) of the Exchange Act. Among other things, the Complaint alleged that, starting on October 30, 2013, the first day of the Settlement Class Period, Defendants made materially false and misleading statements about Genworth's long-term care insurance business and reserves related thereto.  The Complaint further alleged that the prices of Genworth securities were artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the alleged truth was revealed through a series of public disclosures beginning on July 30, 2014, and ending on November 5, 2014, the last day of the Settlement Class Period.

13.    On February 5, 2015, Defendants filed a motion to dismiss the Complaint.  Following full briefing, supplemental briefing, and a hearing, on May 1, 2015, the Court granted in part and denied in part Defendants' motion to dismiss.  The Court granted in part Defendants' motion by dismissing certain claims based on certain allegedly false statements related to Generally Accepted Accounting Principles, SEC Regulations, and Defendants' internal controls.  The Court denied the remainder of Defendants' motion to dismiss.

14.    On May 15, 2015, Defendants filed an answer to the Complaint, denying its material allegations and alleging affirmative defenses thereto.

15.    The Parties have engaged in comprehensive investigation and discovery related to the allegations in the Action, including but not limited to the production of approximately 3 million pages of documents and information from the Parties and third parties; meeting and conferring on numerous occasions regarding substantive and procedural discovery issues; serving and responding to requests for answers to interrogatories, requests for admissions, and requests for production of documents; serving third-party subpoenas; and obtaining testimony from witnesses through 29 depositions of Parties, third parties, and experts.

16.    The Parties also consulted extensively with experts in areas requiring specialized knowledge.  For example, they retained experts in the fields of long-term care insurance, actuarial standards and assumptions, financial accounting and economics. Such experts assisted in analyzing complex insurance matters, accounting and disclosure issues, re-calculating reserves and estimating potential damages.

17.    The Parties also conducted extensive motion practice.  In addition to Defendants' motion to dismiss described above, the Parties also filed several procedural motions, Lead Plaintiffs' motion to compel production of discovery, Lead Plaintiffs' class certification motion, Lead Plaintiffs' motion for partial summary judgment, and the Parties' competing motions to exclude certain of the other side's expert testimony.  The Parties also substantially prepared for the upcoming trial date.  At the time the Stipulation was executed, the trial was less than two months away.

18.    While the Parties believe in the merits of their respective positions, they also recognized the benefits that would accrue if they could reach an agreement to resolve the Action.  The Parties selected former federal judge Layn R. Phillips as mediator.  The Parties exchanged

detailed mediation statements and exhibits that addressed the issues of both liability and damages which were submitted to Judge Phillips in advance of the first full-day mediation session that occurred on November 9, 2015. The session ended without any agreement being reached.

19. Over the course of the following months, as the litigation actively continued, Judge Phillips conducted further discussions with the Parties and held another full-day mediation session on March 2, 2016, in which counsel for the Parties, Party representatives, as well as certain of Genworth's insurance carriers, participated. In advance of the second mediation session, the Parties exchanged and provided to Judge Phillips supplemental mediation materials.

20. In connection with the mediation process, and based on his experience resolving securities class actions and his knowledge and experience presiding over the negotiations in this particular case, Judge Phillips made a mediator's recommendation to settle the Action for $219 million, which the Parties ultimately accepted.

21. On March 11, 2016, the Parties executed a Settlement Term Sheet ("Term Sheet"), subject to the negotiation and execution of a customary "long form" stipulation and agreement of settlement (the "Stipulation") and related papers. The Parties negotiated the Stipulation and related papers and filed a motion for preliminary approval with the Court on or about April 1, 2016.

22. Based on the investigation and mediation of the case and Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each of the Lead Plaintiffs has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things, (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

23. Defendants have stated that they are entering into the Stipulation solely to eliminate the burden, risk and expense of further protracted litigation. Each of the Defendants denies any wrongdoing, and the Stipulation and Settlement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any other of the Defendants' Releasees (defined in paragraph 36 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

24. On _____, 2016, the Court preliminarily approved the Settlement, provisionally certified the Settlement Class (as defined below), authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

---

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?**
**WHO IS INCLUDED IN THE SETTLEMENT CLASS?**

---

25. If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The "Settlement Class" consists of:

all persons and entities who purchased or otherwise acquired the publicly traded Genworth Securities between October 30, 2013, and November 5, 2014, inclusive (the "Settlement Class Period"), and were allegedly damaged thereby.

"Genworth Securities" includes Genworth common stock (CUSIP No. 37247D106) and the following Genworth Bonds:   Fixed Senior Unsecured Notes due 5/22/2018; Fixed Senior Unsecured Notes due 6/15/2020; Fixed Senior Unsecured Notes due 2/15/2021; Fixed Senior Unsecured Notes due 9/24/2021; Fixed Senior Unsecured Notes due 8/15/2023; Fixed Senior Unsecured Notes due 2/15/2024; Fixed Senior Unsecured Notes due 6/15/2034; and Variable Junior Subordinated Notes due 11/15/2066.

Excluded from the Settlement Class are (i) Defendants; (ii) Officers and directors of Genworth during the Settlement Class Period; (iii) members of the Immediate Families of the Individual Defendants and of the Officers and directors of Genworth; (iv) any entity in which any Defendant had and/or has a controlling interest during the Settlement Class Period; (v) Defendants' Directors and Officers Liability Program insurers for the period March 31, 2014 to March 31, 2015; (vi) any affiliates or subsidiaries of Genworth; and (vii) the legal representatives, heirs, agents, affiliates, successors or assigns of any excluded person or entity. Also excluded from the Settlement Class are any persons and entities who exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice, that is accepted by the Court. *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself," on page [__] below.  Notwithstanding the foregoing, Genworth's employee retirement and benefit plan shall not be deemed an affiliate of any Defendant, except that any Claim submitted on behalf of Genworth's employee retirement and benefit plan shall be pro-rated to exclude the proportion owned by the Defendants and other specifically excluded Persons.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE POTENTIALLY ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2016.**

| WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
| --- |

26.   Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.   They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the remaining Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages.  To prevail, Lead Plaintiffs would bear the burden to prove to a jury by a preponderance of the evidence each of the elements of their claim, including for the Section 10(b) claim:  (i) that Defendants made false or misleading statements; (ii) with scienter (*i.e.*, knowingly or with reckless disregard for the truth); (iii) upon which investors relied; and (iv) that caused investors losses.  Although Lead Plaintiffs believe that they developed a strong record to support their

8

claims, they recognize several risks to prevailing through trial and appeals. For example, Defendants argued that the statements that Lead Plaintiffs alleged were false were, in fact, true, and that the statements were not made with scienter. The main alleged false statements in the case centered around Defendants' characterizations of their LTC business review in 2013 as "deep" and "extensive," and their LTC reserves as "adequate." Although the Court denied Defendants' arguments at the motion to dismiss stage (assuming all facts of Plaintiffs' allegations were true), Defendants would argue at trial that the evidence demonstrates that Genworth did, in fact, conduct a thorough review of its LTC business, including its reserves, in 2013 and that Genworth's LTC reserves were adequate; and that to the extent any of their related statements were false or misleading, the Defendants did not knowingly or recklessly make them. While Lead Plaintiffs believe that the review of LTC reserves that Genworth performed in 2013 was not as deep and extensive as Defendants represented to investors, and that the reserves were not in fact adequate; Defendants contend otherwise; and the judge or jury may find Defendants' statements about the thoroughness of the review and the adequacy of the reserves as non-actionable under applicable law. Even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to the allegedly false statements would be vigorously contested. Defendants would likely contend that most, if not all, of investors' losses were caused by unforeseen, later changes in Genworth's claims experience during the first two quarters of 2014, and were not caused by their alleged misstatements during 2013. Defendants would likely also contend that some or all of the alleged damages incurred after their July 30, 2014 disclosures are not recoverable because Defendants had by then adequately made known all of the relevant facts and risks. Lead Plaintiffs would have to prevail at trial, and if they prevailed at trial, on the appeals that were likely to follow. Thus, there were very significant risks attendant to the continued prosecution of the Action.

27.   In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $219 million in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after trial and appeals, possibly years in the future.

28.   Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement solely to eliminate the burden, risk and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

29.   If there were no Settlement and Lead Plaintiffs failed to establish all of the essential legal and factual elements of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

| HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT? |
| --- |

30.   As a Settlement Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

31.   If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," below.

32.   If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

33.   If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members and "Releasing Plaintiffs" (as defined in paragraph 34 below):  (i) have and shall be deemed to have fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Released Plaintiffs' Claims (as defined in paragraph 35 below) against each and every one of the Defendants' Releasees (as defined in paragraph 36 below); (ii) have and shall be deemed to have covenanted not to sue, directly or indirectly, any of the Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims; and (iii) shall forever be barred and enjoined from directly or indirectly, filing, commencing, instituting, prosecuting, maintaining, or intervening in any action, suit, cause of action, arbitration, claim demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon or arises out of any or all of the Released Plaintiffs' Claims against any of the Defendants and the other Defendants' Releasees.  All Releasing Plaintiffs shall be bound by the terms of the releases set forth in the Stipulation and the Judgment, whether or not they submit a valid and timely Claim Form, take any other action to obtain recovery from the Settlement Fund, or seek, or actually receive a distribution from the Net Settlement Fund.

34.   "Releasing Plaintiffs" means each and all of the following: Lead Plaintiffs and each of the other Settlement Class Members (regardless of whether that Person actually submits a Claim Form, seeks or obtains a distribution from the Net Settlement Fund, is entitled to receive a distribution under the Plan of Allocation approved by the Court, or has objected to the Settlement, the Plan of Allocation, or the fee and expense application), on behalf of themselves,

and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such.

35.    "Released Plaintiffs' Claims" means any and all claims, rights, actions, issues, controversies, causes of action, duties, obligations, demands, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every kind, nature and description, including both known claims and Unknown Claims, whether arising under federal, state or foreign law, or statutory, common or administrative law, or any other law, rule or regulation, whether asserted as claims, cross-claims, counterclaims or third-party claims, whether fixed or contingent, choate or inchoate, accrued or not accrued, matured or unmatured, liquidated or unliquidated, perfected or unperfected, whether class or individual in nature, that previously existed, currently exist, exist as of the date of the Court approval of the Settlement or that may arise in the future, that Lead Plaintiffs or any other Settlement Class Member asserted in the Complaint or could have asserted in the Action or in any other action or in any forum (including, without limitation, any federal or state court, or in any other court, arbitration proceeding, administrative agency or other forum, in the U.S. or elsewhere) that in any way arise out of, are based upon, relate to or concern the claims, allegations, transactions, facts, circumstances, events, acts, disclosures, statements, representations, omissions or failures to act alleged, set forth, referred to, involved in, or which could have been raised in the Action or the Complaint, and that in any way arise out of, are based upon, relate to or concern the purchase or acquisition of Genworth Securities from October 30, 2013, through November 5, 2014, including, without limitation, claims that arise out of or relate to any disclosures (including in financial statements), U.S. Securities and Exchange Commission filings, press releases, investor calls, registration statements, offering memoranda, web postings, presentations or any other statements by Defendants during the period October 30, 2013, through November 5, 2014.  Released Plaintiffs' Claims do not include:  (i) claims to enforce the Settlement and the Stipulation; (ii) claims for alleged breach of fiduciary duty brought derivatively; (iii) claims for alleged violation of the Employee Retirement Income Security Act of 1974; or (iv) claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.  For the sake of clarity, the Released Plaintiffs' Claims do not include the claims asserted in any filed derivative or ERISA action.

36.    "Defendants' Releasees" means each and every Defendant and Defendants' respective present and former parents, affiliates, subsidiaries, divisions, directors, Officers, general partners and limited partners, successors in interest, including but without limitation (as applicable to either (i) an Individual Defendant or (ii) the corporate Defendant and its respective present and former parents, affiliates, subsidiaries, divisions, directors, Officers, general partners and limited partners, or successors in interest), any person or entity in which any Defendant has or had a controlling interest, the present and former members of the Immediate Family, heirs, principals, trustees, trusts, executors, administrators, predecessors, successors, assigns, members, agents, subsidiaries, employees, Officers, managers, directors, general partners, limited partners, bankers, actuarial and other consultants, attorneys, accountants, auditors, representatives, estates, divisions, advisors, estate managers, indemnifiers, Directors and Officers Liability Program insurers for the period March 31, 2014 to March 31, 2015, and reinsurers of each of the foregoing persons and entities, in their respective capacities as such.

37.   "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to the Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Releasing Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but that Lead Plaintiffs and the Defendants' Releasees nevertheless intend to and shall expressly, fully, finally, and forever settle and release, and each other Releasing Plaintiff shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment or the Alternate Judgment, if applicable, shall have settled and released, fully, finally, and forever, any and all Released Claims as applicable, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct, which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

38.   The Judgment will also provide that, upon the Effective Date of the Settlement, the Defendants' Releasees shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiffs and shall forever be barred and enjoined from directly or indirectly, filing, commencing, instituting, prosecuting, maintaining, intervening in, participating in (as a class member or otherwise), or receiving any benefits or other relief, from any action, suit, cause of action, arbitration, claim demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon, arises out of, or relates to any or all of the Released Defendants' Claims against any of the Lead Plaintiffs and the other Plaintiffs' Releasees.

39.   "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that the Defendants' Releasees could have asserted against any of the Plaintiffs' Releasees that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action.  Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

40.   "Plaintiffs' Releasees" means Lead Plaintiffs, their respective attorneys, and all other Settlement Class Members, and their current and former Officers, directors, agent, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacity as such.

### HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

41.   To be potentially eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than _____, 2016**.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.GenworthSecuritiesSettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-844-804-4359.  Please retain all records of your ownership of and transactions in Genworth Securities, as they may be needed to document your Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

### HOW MUCH WILL MY PAYMENT BE?

42.   At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

43.   Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid two-hundred nineteen million dollars ($219,000,000.00) in cash, of which sixty-nine million dollars ($69,000,000.00) has been paid by Genworth and one-hundred fifty million dollars ($150,000,000.00) has been or will be paid by certain of Genworth's insurers.  The Settlement Amount will be, or has already been, deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the

13

proposed Plan of Allocation or such other plan of allocation as the Court may approve.  The proposed Plan of Allocation is attached to this Notice as the Appendix.

44.   The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

45.   Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the Plan of Allocation.

46.   Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked on or before _____, 2016, shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in paragraph 35 above) against the Defendants' Releasees (as defined in paragraph 36 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as set forth above in paragraphs 33-37, whether or not such Settlement Class Member submits a Claim Form.

47.   The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

48.   Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

49.   Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired publicly traded Genworth Securities during the Settlement Class Period and were allegedly damaged as a result of such purchases or acquisitions, will be potentially eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.  The only securities that are included in the Settlement are the publicly traded Genworth Securities.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?  HOW WILL THE LAWYERS BE PAID?

50.   Lead Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Lead Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 29% of the Settlement Fund.   At the same time, Lead Counsel also intend to apply for reimbursement of Litigation Expenses for all Plaintiffs' Counsel in an amount not to exceed $4.5 million, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement

Class.  The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

---

**WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS?
HOW DO I EXCLUDE MYSELF?**

---

51.   Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion from the Settlement Class, addressed to *In re Genworth Financial, Inc. Securities Litigation,* EXCLUSIONS, P.O. Box 4390, Portland, OR 97208-4390.   The exclusion request must be ***received*** no later than _____, 2016.  You will not be able to exclude yourself from the Settlement Class after that date.  Each request for exclusion must (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *In re Genworth Financial, Inc. Securities Litigation*, Case No. 3:14-CV-00682"; (c) identify and state the number of each publicly traded Genworth Security (in terms of shares of Genworth common stock and face value of Genworth Bonds) that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between October 30, 2013, and November 5, 2014, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

52.   If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

53.   If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

54.   Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and Defendants.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE
SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?
MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

55.   **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.   You can participate in the Settlement without attending the Settlement Hearing**.

56.   The Settlement Hearing will be held on _____, 2016 at __:__ _.m., before the Honorable John A. Gibney, Jr., at the Spottswood W. Robinson III and Robert R. Merhige, Jr.,

Federal Courthouse, 701 East Broad Street, Richmond, VA 23219. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the Settlement Class Members.

57.   Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk of the U.S. District Court for the Eastern District of Virginia at the address set forth below, on or before _____, 2016. You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before _____, 2016**.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| | **Bernstein Litowitz Berger & Grossmann LLP** | **Weil, Gotshal & Manges LLP** |
| **United States District Court** | David R. Stickney, Esq. | Greg A. Danilow, Esq. |
| **Eastern District of Virginia** | 12481 High Bluff Dr., Ste. 300 | 767 Fifth Avenue |
| **Clerk of the Court** | San Diego, CA 92130 | New York, NY 10153 |
| 701 East Broad Street | -and- | |
| Richmond, VA 23219 | **Bleichmar Fonti & Auld LLP** | |
| | Joseph A. Fonti, Esq. | |
| | 7 Times Square, 27th Floor | |
| | New York, NY 10036 | |

58.   Any objection (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of each publicly traded Genworth Security (in terms of shares of Genworth common stock or face value of Genworth Bonds) that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between October 30, 2013, and November 5, 2014, inclusive), as well as the dates and prices of each such purchase/acquisition and sale. You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

59.   You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

60.   If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* **on or before** _____**, 2016**.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

61.   You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in paragraph 57 above so that the notice is *received* **on or** _____**, 2016**.

62.   The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class, except that notice of any adjournment will be posted on the settlement website, www.GenworthSecuritiesSettlement.com.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

63.   **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

64.   If you purchased or otherwise acquired any of the publicly traded Genworth Securities between October 30, 2013, and November 5, 2014, inclusive, for the beneficial interest of persons or entities other than yourself, you must either (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *In re Genworth Financial, Inc. Securities Litigation,* P.O. Box 4390, Portland, OR 97208-4390.  If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.GenworthSecuritiesSettlement.com, or by calling the Claims Administrator toll-free at 1-844-804-4359.

| **CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?** |
| --- |

65.   This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, U.S. District Court for the Eastern District of Virginia, 701 East Broad Street, Richmond, VA 23219.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.GenworthSecuritiesSettlement.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

| *In re Genworth Financial, Inc. Securities Litigation* and/or | David R. Stickney, Esq. |
| --- | --- |
| P.O. Box 4390 | BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP |
| Portland, OR 97208-4390 | 12481 High Bluff Drive, Suite 300 |
| (844) 804-4359 | San Diego, CA 92130 |
| www.GenworthSecuritiesSettlement.com | (866) 648-2524 |
|  | blbg@blbglaw.com |
|  | or |
|  | Joseph A. Fonti, Esq. |
|  | BLEICHMAR FONTI & AULD LLP |
|  | 7 Times Square, 27th Floor |
|  | New York, NY 10036 |
|  | (888) 879-9418 |
|  | jfonti@bfalaw.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2016

By Order of the Court
United States District Court
Eastern District of Virginia

18

## APPENDIX

## PROPOSED PLAN OF ALLOCATION

66.   The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

67.   In developing the Plan of Allocation, Lead Plaintiffs' damages expert calculated the estimated amount of artificial inflation in the per share closing prices of Genworth common stock and in the closing prices of Genworth Bonds that was allegedly proximately caused by Defendants' alleged false and misleading statements and material omissions.  In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in Genworth stock and Bonds in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and material omissions, adjusting for price changes that were attributable to market or industry forces when considering stock price changes, and adjusting for changes in the wider bond market when considering Bond price changes.  The estimated artificial inflation in Genworth common stock is shown in Table A set forth at the end of this Plan of Allocation. The estimated artificial inflation in Genworth Bonds is shown in Table C set forth at the end of this Plan of Allocation.

68.   In order to have recoverable damages, disclosure of the alleged misrepresentations or omissions must be the cause of the decline in the price of the respective Genworth Security.  In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts during the period from October 30, 2013, through and including November 5, 2014, which had the effect of artificially inflating the prices of Genworth common stock and Bonds.  Lead Plaintiffs further allege that corrective disclosures removed artificial inflation from the price of Genworth common stock on July 30, 2014, September 4, 2014, and November 6, 2014, and that corrective disclosures removed artificial inflation from the price of Genworth Bonds on November 6, 2014.  Furthermore, Lead Plaintiffs' expert considered and evaluated the changes in the amount of artificial inflation in the price of Genworth's common stock and Bonds during the Settlement Class Period and made appropriate adjustments.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

69.   Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase of publicly traded Genworth common stock and Genworth Bonds during the Settlement Class Period that is listed on the Proof of Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero.

70.   For each share of publicly traded Genworth common stock (CUSIP: 37247D106) purchased during the period from October 30, 2013, through and including the close of trading on November 5, 2014, and:

       (a)   Sold prior to the close of trading on July 29, 2014, the Recognized Loss Amount will be $0.00.

       (b)   Sold during the period from July 30, 2014, through and including the close of trading on November 5, 2014, the Recognized Loss Amount will be *the lesser of*: (i) the amount of artificial inflation per share stated in Table A on the date of purchase minus the amount of artificial inflation per share stated in Table A on the date of sale; or (ii) the purchase price minus the sale price.

       (c)   Sold during the period from November 6, 2014, through and including the close of trading on February 3, 2015, the Recognized Loss Amount will be *the least of*: (i) the amount of artificial inflation per share stated in Table A on the date of purchase; (ii) the purchase price minus the sale price; or (iii) the purchase price minus the average closing price between November 6, 2014, and the date of sale stated in Table B at the end of this Plan of Allocation.

       (d)   Held as of the close of trading on February 3, 2015, the Recognized Loss Amount will be *the lesser of*: (i) the amount of artificial inflation per share stated in Table A on the date of purchase; or (ii) the purchase price minus $8.23, the average closing price for Genworth common stock between November 6, 2014, and February 3, 2015 (the last entry on Table B).[2]

71.   For each publicly traded Genworth Bond purchased during the period from October 30, 2013, through and including the close of trading on November 5, 2014, and:

       (a)   Sold prior to the close of trading on November 5, 2014, the Recognized Loss Amount will be $0.00.

       (b)   Sold during the period from November 6, 2014, through and including the close of trading on February 3, 2015, the Recognized Loss Amount with respect to each

          1.   Fixed Senior Unsecured Notes due 6/15/2034 ("2034 Bond") will be *the least of*: (i) the amount of artificial inflation per Bond stated in Column 2 of Table C on the date of purchase; (ii) the purchase price minus the sale price; or (iii) the purchase price minus the average

---

[2] Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Genworth common stock during the 90-day look-back period.  The mean (average) closing price for Genworth common stock during this 90-day look-back period was $8.23.

closing price between November 6, 2014, and the date of sale stated in Column 2 of Table D at the end of this Plan of Allocation.[3]

2. Variable Junior Subordinated Notes due 11/15/2066 ("2066 Bond") will be *the least of*: (i) the amount of artificial inflation per Bond stated in Column 3 of Table C on the date of purchase; (ii) the purchase price minus the sale price; or (iii) the purchase price minus the average closing price between November 6, 2014, and the date of sale stated in Column 3 of Table D at the end of this Plan of Allocation.

3. Fixed Senior Unsecured Notes due 5/22/2018 ("2018 Bond") will be *the least of*: (i) the amount of artificial inflation per Bond stated in Column 4 of Table C on the date of purchase; (ii) the purchase price minus the sale price; or (iii) the purchase price minus the average closing price between November 6, 2014, and the date of sale stated in Column 4 of Table D at the end of this Plan of Allocation.

4. Fixed Senior Unsecured Notes due 6/15/2020 ("2020 Bond") will be *the least of*: (i) the amount of artificial inflation per Bond stated in Column 5 of Table C on the date of purchase; (ii) the purchase price minus the sale price; or (iii) the purchase price minus the average closing price between November 6, 2014, and the date of sale stated in Column 5 of Table D at the end of this Plan of Allocation.

5. Fixed Senior Unsecured Notes due 2/15/2021 ("Feb. 2021 Bond") will be *the least of*: (i) the amount of artificial inflation per Bond stated in Column 6 of Table C on the date of purchase; (ii) the purchase price minus the sale price; or (iii) the purchase price minus the average closing price between November 6, 2014, and the date of sale stated in Column 6 of Table D at the end of this Plan of Allocation.

6. Fixed Senior Unsecured Notes due 9/24/2021 ("Sept. 2021 Bond") will be *the least of*: (i) the amount of artificial inflation per Bond stated in Column 7 of Table C on the date of purchase; (ii) the purchase price minus the sale price; or (iii) the purchase price minus the average closing price between November 6, 2014, and the date of sale stated in Column 7 of Table D at the end of this Plan of Allocation.

7. Fixed Senior Unsecured Notes due 8/15/2023 ("2023 Bond") will be *the least of*: (i) the amount of artificial inflation per Bond stated in Column 8 of Table C on the date of purchase; (ii) the purchase price minus the sale price; or (iii) the purchase price minus the average

---

[3] Price per Bond and Inflation per Bond are per $1,000 par.

closing price between November 6, 2014, and the date of sale stated in Column 8 of Table D at the end of this Plan of Allocation.

8. Fixed Senior Unsecured Notes due 2/15/2024 ("2024 Bond") will be ***the least of***: (i) the amount of artificial inflation per Bond stated in Column 9 of Table C on the date of purchase; (ii) the purchase price minus the sale price; or (iii) the purchase price minus the average closing price between November 6, 2014, and the date of sale stated in Column 9 of Table D at the end of this Plan of Allocation.

(c)     Held as of the close of trading on February 3, 2015, the Recognized Loss Amount with respect to each

1. 2034 Bond will be ***the lesser of***: (i) the amount of artificial inflation per Bond stated in Column 2 of Table C on the date of purchase; or (ii) the purchase price minus $875.90, the average closing price for the 2034 Bond between November 6, 2014, and February 3, 2015 (the last entry on Column 2 of Table D).[4]

2. 2066 Bond will be ***the lesser of***: (i) the amount of artificial inflation per Bond stated in Column 3 of Table C on the date of purchase; or (ii) the purchase price minus $647.7, the average closing price for the 2066 Bond between November 6, 2014, and February 3, 2015 (the last entry on Column 3 of Table D).

3. 2018 Bond will be ***the lesser of***: (i) the amount of artificial inflation per Bond stated in Column 4 of Table C on the date of purchase; or (ii) the purchase price minus $1027.7, the average closing price for the 2018 Bond between November 6, 2014, and February 3, 2015 (the last entry on Column 4 of Table D).

4. 2020 Bond will be ***the lesser of***: (i) the amount of artificial inflation per Bond stated in Column 5 of Table C on the date of purchase; or (ii) the purchase price minus $1023.97, the average closing price for the 2020 Bond between November 6, 2014, and February 3, 2015 (the last entry on Column 5 of Table D).

---

[4] Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Genworth Bonds during the 90-day look-back period.  The mean (average) closing price for Genworth Bonds during this 90-day look-back period is set forth in the last line of Table D.

5. Feb. 2021 Bond will be *the lesser of*: (i) the amount of artificial inflation per Bond stated in Column 6 of Table C on the date of purchase; or (ii) the purchase price minus $998.85, the average closing price for the Feb. 2021 Bond between November 6, 2014, and February 3, 2015 (the last entry on Column 6 of Table D).

6. Sept. 2021 Bond will be *the lesser of*: (i) the amount of artificial inflation per Bond stated in Column 7 of Table C on the date of purchase; or (ii) the purchase price minus $1010.27, the average closing price for the Sept. 2021 Bond between November 6, 2014, and February 3, 2015 (the last entry on Column 7 of Table D).

7. 2023 Bond will be *the lesser of*: (i) the amount of artificial inflation per Bond stated in Column 8 of Table C on the date of purchase; or (ii) the purchase price minus $845.71, the average closing price for the 2023 Bond between November 6, 2014, and February 3, 2015 (the last entry on Column 8 of Table D).

8. 2024 Bond will be *the lesser of*: (i) the amount of artificial inflation per Bond stated in Column 9 of Table C on the date of purchase; or (ii) the purchase price minus $844.6, the average closing price for the 2024 Bond between November 6, 2014, and February 3, 2015 (the last entry on Column 9 of Table D).

## **ADDITIONAL PROVISIONS**

72. The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶75 below) is $10.00 or greater.

73. If a Settlement Class Member has more than one purchase or sale of publicly traded Genworth common stock or Bonds, purchases and sales of each respective security will be matched on a First In, First Out ("FIFO") basis. Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases in chronological order, beginning with the earliest purchase made during the Settlement Class Period.

74. A Claimant's "Recognized Claim" under the Plan of Allocation will be the sum of his, her, or its Recognized Loss Amounts.

75. The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

76.   Purchases and sales of Genworth common stock and Bonds will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Genworth common stock or Bonds during the Settlement Class Period will not be deemed a purchase or sale of publicly traded Genworth common stock or Bonds for the calculation of an Authorized Claimant's Recognized Loss Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase of Genworth common stock or Bonds unless (i) the donor or decedent purchased the shares or Bonds during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares or Bonds; and (iii) it is specifically so provided in the instrument of gift or assignment.

77.   The date of covering a "short sale" is deemed to be the date of purchase of the Genworth common stock.  The date of a "short sale" is deemed to be the date of sale of Genworth common stock.  Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.  In the event that a Claimant has an opening short position in Genworth common stock, his, her, or its earliest Settlement Class Period purchases of Genworth common stock will be matched against the opening short position, and not be entitled to a recovery, until that short position is fully covered.

78.   Option contracts are not securities eligible to participate in the Settlement.  With respect to publicly traded shares of Genworth common stock purchased or sold through the exercise of an option, the purchase/sale date of the Genworth common stock is the exercise date of the option and the purchase/sale price of the Genworth common stock is the exercise price of the option.

79.   If a Claimant had a market gain with respect to his, her, or its overall transactions in publicly traded Genworth common stock and Bonds during the Settlement Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement.  If a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in publicly traded Genworth common stock and Bonds during the Settlement Class Period but that market loss was less than the Claimant's total Recognized Claim calculated above, then the Claimant's Recognized Claim will be limited to the amount of the actual market loss.

80.   For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in publicly traded Genworth common stock and Bonds during the Settlement Class Period or suffered a market loss, the Claims Administrator will determine the difference between (i) the Total Purchase Amount[5] and (ii) the sum of the Total Sales Proceeds[6]

---

[5] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for publicly traded Genworth common stock and Bonds purchased during the Settlement Class Period.

[6] The Claims Administrator will match any sales of publicly traded Genworth common stock and Bonds during the Settlement Class Period first against the Claimant's respective opening positions (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount

and Holding Value.[7]  This difference will be deemed a Claimant's market gain or loss with respect to his, her, or its overall transactions in publicly traded Genworth common stock and Bonds during the Settlement Class Period.

81.   After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to the Virginia Health Care Foundation, a non-sectarian, not-for-profit organization, or other non-sectarian, not-for-profit organization recommended by Lead Counsel and approved by the Court.

82.   Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Lead Plaintiffs' damages expert, Defendants, Defendants' Counsel, or any of the other Releasees or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further Orders of the Court.  Lead Plaintiffs, Defendants and their respective counsel, and all other Releasees, shall have no responsibility or liability whatsoever for: the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

83.   The Plan of Allocation set forth herein is the plan that is being proposed by Lead Plaintiffs, after consultation with their damages expert, to the Court for its approval.  The Court

---

received (excluding commissions and other charges) for the remaining sales of publicly traded Genworth common stock and Bonds sold during the Settlement Class Period will be the "Total Sales Proceeds."

[7] The Claims Administrator will ascribe a value of equal to the first entry on Table B ($8.66 per share) for publicly traded Genworth common stock purchased during the Settlement Class Period and still held as of the close of trading on November 5, 2014 (the "Holding Value"). The Claims Administrator will ascribe a Holding Value equal to the first entry on Table D for each respective publicly traded Genworth Bond purchased during the Settlement Class Period and still held as of the close of trading on November 5, 2014.  The Holding Value is based on the closing price of Genworth common stock and Bonds on November 6, 2014, the day after the last day of the Settlement Class Period.

may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.GenworthSecuritiesSettlement.com.

**TABLE A**

**Genworth Common Stock Estimated Artificial Inflation from October 30, 2013 through and including November 5, 2014**

| Transaction Date | Inflation Per Share |
|---|---|
| October 30, 2013 – February 4, 2014 | $6.53 |
| February 5, 2014 – April 30, 2014 | $6.55 |
| May 1, 2014 – July 29, 2014 | $6.48 |
| July 30, 2014 | $3.60 |
| July 31, 2014 – September 3, 2014 | $4.15 |
| September 4, 2014 – November 5, 2014 | $3.54 |

**TABLE B**

**Genworth Common Stock Closing Price and Average Closing Price**
**November 6, 2014 – February 3, 2015**

| Date | Closing Price | Average Closing Price Between November 6, 2014 and Date Shown | Date | Closing Price | Average Closing Price Between November 6, 2014 and Date Shown |
|---|---|---|---|---|---|
| 11/6/2014 | $8.66 | $8.66 | 12/19/2014 | $8.59 | $8.71 |
| 11/7/2014 | $8.41 | $8.54 | 12/22/2014 | $8.32 | $8.69 |
| 11/10/2014 | $8.12 | $8.40 | 12/23/2014 | $8.39 | $8.69 |
| 11/11/2014 | $8.40 | $8.40 | 12/24/2014 | $8.40 | $8.68 |
| 11/12/2014 | $8.80 | $8.48 | 12/26/2014 | $8.39 | $8.67 |
| 11/13/2014 | $9.30 | $8.62 | 12/29/2014 | $8.46 | $8.66 |
| 11/14/2014 | $9.41 | $8.73 | 12/30/2014 | $8.56 | $8.66 |
| 11/17/2014 | $9.33 | $8.80 | 12/31/2014 | $8.50 | $8.66 |
| 11/18/2014 | $9.36 | $8.87 | 1/2/2015 | $8.43 | $8.65 |
| 11/19/2014 | $9.13 | $8.89 | 1/5/2015 | $8.23 | $8.64 |
| 11/20/2014 | $9.43 | $8.94 | 1/6/2015 | $8.04 | $8.63 |
| 11/21/2014 | $9.56 | $8.99 | 1/7/2015 | $7.83 | $8.61 |
| 11/24/2014 | $9.38 | $9.02 | 1/8/2015 | $8.15 | $8.60 |
| 11/25/2014 | $9.31 | $9.04 | 1/9/2015 | $7.92 | $8.58 |
| 11/26/2014 | $9.11 | $9.05 | 1/12/2015 | $7.66 | $8.56 |
| 11/28/2014 | $9.09 | $9.05 | 1/13/2015 | $7.63 | $8.54 |
| 12/1/2014 | $9.19 | $9.06 | 1/14/2015 | $7.31 | $8.51 |
| 12/2/2014 | $8.65 | $9.04 | 1/15/2015 | $7.13 | $8.48 |
| 12/3/2014 | $8.77 | $9.02 | 1/16/2015 | $7.30 | $8.46 |
| 12/4/2014 | $8.61 | $9.00 | 1/20/2015 | $7.10 | $8.43 |
| 12/5/2014 | $8.63 | $8.98 | 1/21/2015 | $7.11 | $8.41 |
| 12/8/2014 | $8.52 | $8.96 | 1/22/2015 | $7.39 | $8.39 |
| 12/9/2014 | $8.47 | $8.94 | 1/23/2015 | $7.22 | $8.37 |
| 12/10/2014 | $8.16 | $8.91 | 1/26/2015 | $7.35 | $8.35 |
| 12/11/2014 | $8.24 | $8.88 | 1/27/2015 | $7.19 | $8.33 |
| 12/12/2014 | $7.92 | $8.84 | 1/28/2015 | $6.93 | $8.30 |
| 12/15/2014 | $7.80 | $8.81 | 1/29/2015 | $6.94 | $8.28 |
| 12/16/2014 | $7.64 | $8.76 | 1/30/2015 | $6.98 | $8.25 |
| 12/17/2014 | $7.93 | $8.74 | 2/2/2015 | $7.42 | $8.24 |
| 12/18/2014 | $7.99 | $8.71 | 2/3/2015 | $7.64 | $8.23 |

**TABLE C**

**Genworth Bonds Artificial Inflation from October 30, 2013
through and including November 5, 2014**

| Transaction Date [1] | 2034 Bond [2] | 2066 Bond [3] | 2018 Bond [4] | 2020 Bond [5] | Feb. 2021 Bond [6] | Sept. 2021 Bond [7] | 2023 Bond [8] | 2024 Bond [9] |
|---|---|---|---|---|---|---|---|---|
| October 30, 2013 – February 4, 2014 | $189.5 | $148.8 | $76.9 | $137.2 | $153.3 | $171.7 | $166.1 | $135.6 |
| February 5, 2014 – April 30, 2014 | $190.0 | $149.3 | $77.1 | $137.6 | $153.7 | $172.2 | $166.6 | $136.0 |
| May 1, 2014 – July 30, 2014 | $188.0 | $147.7 | $76.3 | $136.1 | $152.1 | $170.3 | $164.8 | $134.6 |
| July 31, 2014 – November 5, 2014 | $204.0 | $160.2 | $82.8 | $147.7 | $165.0 | $184.8 | $178.8 | $146.0 |

29

**TABLE D**

**Genworth Bonds Average Closing Price**
**November 6, 2014 – February 3, 2015**

| Date [1] | 2034 Bond [2] | 2066 Bond [3] | 2018 Bond [4] | 2020 Bond [5] | Feb. 2021 Bond [6] | Sept. 2021 Bond [7] | 2023 Bond [8] | 2024 Bond [9] |
|---|---|---|---|---|---|---|---|---|
| 11/6/2014 | $995.00 | $720.00 | $1,055.72 | $1,107.00 | $1,057.02 | $1,085.11 | $936.83 | $954.13 |
| 11/7/2014 | $949.18 | $697.92 | $1,043.64 | $1,073.50 | $1,036.01 | $1,052.56 | $904.67 | $913.82 |
| 11/10/2014 | $931.32 | $695.68 | $1,038.14 | $1,056.23 | $1,029.51 | $1,044.23 | $896.03 | $901.71 |
| 11/11/2014 | $930.37 | $685.94 | $1,032.83 | $1,048.09 | $1,031.88 | $1,037.55 | $896.03 | $901.71 |
| 11/12/2014 | $931.61 | $689.25 | $1,034.26 | $1,046.87 | $1,031.51 | $1,038.04 | $897.02 | $898.47 |
| 11/13/2014 | $927.31 | $688.44 | $1,033.00 | $1,046.97 | $1,030.42 | $1,038.78 | $897.32 | $903.18 |
| 11/14/2014 | $923.91 | $692.09 | $1,034.71 | $1,048.23 | $1,033.09 | $1,038.96 | $897.44 | $900.56 |
| 11/17/2014 | $923.42 | $694.64 | $1,036.22 | $1,050.69 | $1,034.58 | $1,038.15 | $900.07 | $899.62 |
| 11/18/2014 | $919.15 | $691.91 | $1,035.23 | $1,050.58 | $1,032.68 | $1,036.41 | $895.68 | $894.98 |
| 11/19/2014 | $915.36 | $689.72 | $1,034.86 | $1,049.40 | $1,029.92 | $1,037.22 | $892.27 | $893.80 |
| 11/20/2014 | $911.80 | $689.60 | $1,033.87 | $1,047.82 | $1,027.46 | $1,035.97 | $888.55 | $890.04 |
| 11/21/2014 | $910.09 | $690.05 | $1,033.34 | $1,048.54 | $1,027.32 | $1,036.31 | $886.97 | $887.54 |
| 11/24/2014 | $909.12 | $689.93 | $1,034.70 | $1,049.23 | $1,025.99 | $1,034.77 | $885.56 | $886.08 |
| 11/25/2014 | $908.74 | $688.87 | $1,034.52 | $1,048.66 | $1,025.78 | $1,034.07 | $884.75 | $886.83 |
| 11/26/2014 | $908.82 | $689.28 | $1,034.99 | $1,048.56 | $1,025.66 | $1,033.33 | $885.19 | $888.31 |
| 11/28/2014 | $909.04 | $689.19 | $1,035.60 | $1,048.42 | $1,025.28 | $1,033.12 | $885.84 | $889.09 |
| 12/1/2014 | $910.39 | $688.06 | $1,036.28 | $1,047.92 | $1,024.32 | $1,032.42 | $885.32 | $889.52 |
| 12/2/2014 | $910.16 | $688.30 | $1,036.88 | $1,047.59 | $1,023.67 | $1,032.07 | $884.86 | $888.59 |
| 12/3/2014 | $911.60 | $688.47 | $1,036.72 | $1,047.19 | $1,023.88 | $1,032.62 | $884.45 | $889.78 |
| 12/4/2014 | $912.27 | $688.61 | $1,036.63 | $1,047.04 | $1,023.06 | $1,032.30 | $884.28 | $889.12 |
| 12/5/2014 | $911.68 | $687.27 | $1,037.10 | $1,046.95 | $1,022.44 | $1,032.93 | $884.26 | $888.51 |
| 12/8/2014 | $912.23 | $686.03 | $1,037.12 | $1,046.63 | $1,021.92 | $1,032.51 | $883.10 | $887.48 |
| 12/9/2014 | $912.68 | $685.93 | $1,038.05 | $1,046.95 | $1,021.23 | $1,032.11 | $882.79 | $886.12 |
| 12/10/2014 | $911.90 | $684.51 | $1,038.13 | $1,046.56 | $1,020.61 | $1,031.39 | $882.18 | $884.77 |
| 12/11/2014 | $910.72 | $684.03 | $1,037.80 | $1,045.40 | $1,019.89 | $1,030.66 | $880.95 | $884.92 |
| 12/12/2014 | $910.27 | $683.32 | $1,037.65 | $1,045.28 | $1,019.03 | $1,030.40 | $880.06 | $883.11 |
| 12/15/2014 | $909.01 | $681.53 | $1,037.04 | $1,044.43 | $1,017.67 | $1,029.34 | $878.37 | $881.29 |
| 12/16/2014 | $908.39 | $679.60 | $1,036.69 | $1,043.11 | $1,016.51 | $1,028.65 | $876.77 | $879.67 |
| 12/17/2014 | $907.17 | $679.27 | $1,036.84 | $1,041.35 | $1,015.29 | $1,027.98 | $874.87 | $877.04 |
| 12/18/2014 | $904.68 | $676.71 | $1,035.96 | $1,039.90 | $1,014.47 | $1,026.42 | $872.64 | $874.03 |
| 12/19/2014 | $902.21 | $674.46 | $1,035.37 | $1,038.65 | $1,013.16 | $1,024.80 | $871.22 | $871.73 |
| 12/22/2014 | $900.68 | $673.50 | $1,035.44 | $1,037.36 | $1,011.54 | $1,024.13 | $869.00 | $869.44 |
| 12/23/2014 | $898.30 | $672.56 | $1,035.04 | $1,036.07 | $1,011.19 | $1,022.67 | $867.15 | $866.92 |
| 12/24/2014 | $896.16 | $670.21 | $1,034.73 | $1,035.00 | $1,009.88 | $1,021.56 | $864.51 | $866.92 |
| 12/26/2014 | $893.96 | $668.17 | $1,034.59 | $1,034.04 | $1,009.41 | $1,020.50 | $863.79 | $865.55 |
| 12/29/2014 | $892.63 | $667.60 | $1,034.24 | $1,033.49 | $1,009.15 | $1,020.12 | $862.38 | $864.17 |
| 12/30/2014 | $891.48 | $666.93 | $1,033.73 | $1,032.72 | $1,008.56 | $1,019.40 | $861.21 | $863.46 |
| 12/31/2014 | $890.98 | $665.35 | $1,033.68 | $1,032.12 | $1,008.30 | $1,019.38 | $860.24 | $862.81 |
| 1/2/2015 | $890.59 | $664.77 | $1,033.65 | $1,031.56 | $1,007.89 | $1,018.82 | $859.14 | $861.64 |
| 1/5/2015 | $889.45 | $664.15 | $1,033.37 | $1,030.83 | $1,007.22 | $1,018.20 | $858.01 | $860.35 |
| 1/6/2015 | $888.30 | $663.62 | $1,032.99 | $1,029.96 | $1,006.57 | $1,017.67 | $857.00 | $858.81 |
| 1/7/2015 | $887.23 | $662.22 | $1,032.62 | $1,029.44 | $1,006.49 | $1,017.62 | $856.13 | $858.04 |

| Date [1] | 2034 Bond [2] | 2066 Bond [3] | 2018 Bond [4] | 2020 Bond [5] | Feb. 2021 Bond [6] | Sept. 2021 Bond [7] | 2023 Bond [8] | 2024 Bond [9] |
|---|---|---|---|---|---|---|---|---|
| 1/8/2015 | $886.72 | $661.01 | $1,032.32 | $1,029.28 | $1,005.25 | $1,017.19 | $855.27 | $856.93 |
| 1/9/2015 | $886.22 | $659.96 | $1,031.98 | $1,028.90 | $1,004.59 | $1,016.99 | $854.37 | $855.72 |
| 1/12/2015 | $885.16 | $659.13 | $1,031.65 | $1,028.28 | $1,004.49 | $1,016.44 | $853.75 | $855.09 |
| 1/13/2015 | $884.67 | $658.01 | $1,031.08 | $1,028.12 | $1,004.39 | $1,015.92 | $853.03 | $854.44 |
| 1/14/2015 | $884.14 | $656.88 | $1,030.85 | $1,027.73 | $1,004.27 | $1,015.39 | $852.50 | $853.38 |
| 1/15/2015 | $883.74 | $656.88 | $1,030.37 | $1,027.31 | $1,004.23 | $1,014.86 | $851.60 | $852.42 |
| 1/16/2015 | $883.36 | $655.71 | $1,030.03 | $1,026.91 | $1,004.20 | $1,014.34 | $850.91 | $851.97 |
| 1/20/2015 | $882.34 | $655.13 | $1,029.73 | $1,026.48 | $1,003.61 | $1,013.75 | $850.40 | $851.10 |
| 1/21/2015 | $881.95 | $654.62 | $1,029.27 | $1,026.11 | $1,002.85 | $1,013.21 | $849.96 | $851.10 |
| 1/22/2015 | $881.18 | $653.79 | $1,029.15 | $1,025.65 | $1,002.03 | $1,013.15 | $849.28 | $850.15 |
| 1/23/2015 | $880.36 | $652.62 | $1,028.88 | $1,025.67 | $1,001.38 | $1,012.66 | $848.62 | $849.14 |
| 1/26/2015 | $879.61 | $651.53 | $1,028.90 | $1,025.33 | $1,001.12 | $1,012.10 | $848.46 | $848.54 |
| 1/27/2015 | $878.89 | $650.76 | $1,028.96 | $1,024.87 | $1,000.99 | $1,011.65 | $848.13 | $848.19 |
| 1/28/2015 | $878.22 | $650.43 | $1,028.74 | $1,024.67 | $1,000.93 | $1,011.27 | $847.48 | $847.52 |
| 1/29/2015 | $877.58 | $649.53 | $1,028.45 | $1,024.35 | $1,000.49 | $1,011.18 | $847.31 | $846.82 |
| 1/30/2015 | $877.00 | $649.05 | $1,028.16 | $1,024.17 | $1,000.07 | $1,010.68 | $846.91 | $846.04 |
| 2/2/2015 | $876.40 | $648.21 | $1,027.96 | $1,024.16 | $999.60 | $1,010.74 | $846.27 | $845.40 |
| 2/3/2015 | $875.90 | $647.72 | $1,027.70 | $1,023.97 | $998.95 | $1,010.27 | $845.71 | $844.60 |

# EXHIBIT A-2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

IN RE GENWORTH FINANCIAL, INC.,
SECURITIES LITIGATION,

Civ. A. No. 3:14-cv-00682-JAG

Hon. John A. Gibney, Jr.

**CLASS ACTION**

**EXHIBIT A-2**

**CLAIM FORM**

*In re Genworth Financial, Inc. Securities Litigation*
**PO Box 4390**
**Portland, OR 97208-4390**
**Toll Free Number:  844-804-4359**
**Settlement Website: www.GenworthSecuritiesSettlement.com**
**Email:  info@GenworthSecuritiesSettlement.com**

# CLAIM FORM

To be potentially eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must be a Settlement Class Member and complete and sign this Claim Form ("Claim Form") and mail it by first-class mail to the above address, **postmarked no later than _____ .**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to recover any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the settling parties or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| PART I – CLAIMANT INFORMATION | _ |
| PART II – GENERAL INSTRUCTIONS | _ |
| PART III – SCHEDULE OF TRANSACTIONS IN GENWORTH COMMON STOCK | _ |
| PART IV – SCHEDULE OF TRANSACTIONS IN GENWORTH BONDS | _ |
| PART V – RELEASE OF CLAIMS AND SIGNATURE | _ |

# PART I – CLAIMANT INFORMATION

### (Please read General Instructions below before completing this page.)

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Beneficial Owner's First Name                          MI          Beneficial Owner's Last Name

Co-Beneficial Owner's First Name                     MI          Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City                                                                                        State          ZIP Code / Postal Code (if outside U.S.)

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)                                              Telephone Number (work)

Email address (Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

Account Number (account(s) through which the securities were traded)[1]:

Claimant Account Type (check appropriate box):

☐ Individual (includes joint owner accounts)          ☐ Pension Plan          ☐ Trust

☐ Corporation                                                            ☐ Estate

☐ IRA/401K                                                            ☐ Other_____(please specify)

---

[1] If the account number is unknown, you may leave blank. If the same legal entity traded through more than one account you may write "multiple." Please see paragraph 12 of the General Instructions for more information on when to file separate Claim Forms for multiple accounts, *i.e.*, when you are filing on behalf of distinct legal entities.

## PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action, Provisional Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      This Claim Form is directed to all persons and entities that, during the period from October 30, 2013, through November 5, 2014, inclusive (the "Settlement Class Period"), purchased or otherwise acquired the publicly traded Genworth Securities, and were allegedly damaged thereby.  "Genworth Securities" includes Genworth common stock (CUSIP No. 37247D106) and the following Genworth Bonds: Fixed Senior Unsecured Notes due 5/22/2018; Fixed Senior Unsecured Notes due 6/15/2020; Fixed Senior Unsecured Notes due 2/15/2021; Fixed Senior Unsecured Notes due 9/24/2021; Fixed Senior Unsecured Notes due 8/15/2023; Fixed Senior Unsecured Notes due 2/15/2024; Fixed Senior Unsecured Notes due 6/15/2034; and Variable Junior Subordinated Notes due 11/15/2066.  All persons and entities that are members of the Settlement Class are referred to as "Settlement Class Members."

3.      Excluded from the Settlement Class are (i) Defendants; (ii) Officers and directors of Genworth during the Settlement Class Period; (iii) members of the Immediate Families of the Individual Defendants and of the Officers and directors of Genworth; (iv) any entity in which any Defendant had and/or has a controlling interest during the Settlement Class Period; (v) Defendants' Directors and Officers Liability Program insurers for the period March 31, 2014 to March 31, 2015; (vi) any affiliates or subsidiaries of Genworth; and (vii) the legal representatives, heirs, agents, affiliates, successors or assigns of any excluded person or entity. Also excluded from the Settlement Class are any persons and entities who exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in the Notice, that is accepted by the Court. Notwithstanding the foregoing, Genworth's employee retirement and benefit plan shall not be deemed an affiliate of any Defendant, except that any Claim submitted on behalf of Genworth's employee retirement and benefit plan shall be pro-rated to exclude the proportion owned by the Defendants and other specifically excluded Persons.

4.      If you are not a Settlement Class Member, or if you, or someone acting on your behalf, submits a request for exclusion from the Settlement Class, do not submit a Claim Form.  **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER.  THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS (AS SET FORTH IN PARAGRAPH 3 ABOVE), ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.**

5.      If you are a Settlement Class Member, you will be bound by the terms of any judgments or orders entered in the Action WHETHER OR NOT YOU SUBMIT A CLAIM FORM.  Thus, if you are a Settlement Class Member, the Judgment will release and enjoin the filing or continued prosecution of the Released Plaintiffs' Claims against the Defendants' Releasees.

6.      You are potentially eligible to participate in the distribution of the Net Settlement Fund only if you are a member of the Settlement Class and if you complete and return this form as specified below.  If you fail to submit a timely, properly addressed, and completed Claim Form with the required documentation, your claim may be rejected and you may be precluded from receiving any distribution from the Net Settlement Fund.

7.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.**

8.      Use the Schedules of Transactions in Parts III – IV of this Claim Form to supply all required details of your transaction(s) (including free transfers) in and holdings of the applicable Genworth Securities. On the Schedules of Transactions, please provide all of the requested information with respect to your holdings, purchases, acquisitions and sales of the applicable Genworth Securities, whether such transactions resulted in a profit or a loss.  Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.

9.      **Please note:**  Only publicly traded Genworth Securities purchased or otherwise acquired during the Settlement Class Period (*i.e.*, from October 30, 2013, through November 5, 2014, inclusive) are included in the Settlement.  However, under the PSLRA "90-day look-back period" (described in the Plan of Allocation set forth in the Notice), your sales of Genworth Securities during the period from November 6, 2014, through and including February 3, 2015, will be used for purposes of calculating your Recognized Loss Amounts under the Plan of Allocation.  Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase information during the 90-day look-back period must also be provided.

10.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of the applicable Genworth Securities set forth in the Schedules of Transactions in Parts III – IV of this Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in Genworth Securities.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER.   FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, please do not highlight any portion of the Claim Form or any supporting documents.**

11.      Genworth Bonds are identified by maturity month and year.  The list of eligible Genworth Bonds is below:

> Fixed Senior Unsecured Notes due 5/22/2018
> Fixed Senior Unsecured Notes due 6/15/2020
> Fixed Senior Unsecured Notes due 2/15/2021
> Fixed Senior Unsecured Notes due 9/24/2021
> Fixed Senior Unsecured Notes due 8/15/2023
> Fixed Senior Unsecured Notes due 2/15/2024
> Fixed Senior Unsecured Notes due 6/15/2034
> Variable Junior Subordinated Notes due 11/15/2066

12.      Separate Claim Forms should be submitted for each separate legal entity (e.g., a claim from joint owners should not include separate transactions through an account that is in the name of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made through an account in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (e.g., a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

13.      All joint beneficial owners must sign this Claim Form.  If you purchased or otherwise acquired publicly traded Genworth Securities during the Settlement Class Period and held the securities in your name,

you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement. If, however, you purchased or otherwise acquired publicly traded Genworth Securities during the Settlement Class Period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

14.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)     expressly state the capacity in which they are acting;

(b)     identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Genworth Securities; and

(c)     furnish evidence of their authority to submit the Claim Form on their behalf.

15.     By submitting a signed Claim Form, you will be swearing that you:

(a)     own(ed) the Genworth Securities you have listed in the Claim Form; or

(b)     are expressly authorized to act on behalf of the owner thereof.

16.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

17.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after the completion of all claims processing. This could take substantial time. Please be patient.

18.     **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant, however, calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

19.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator at P.O. Box 4390, Portland, OR 97208-4390, by email at info@GenworthSecuritiesSettlement.com, or by toll-free phone at 844-804-4359, or you may download the documents from the Settlement website, www.GenworthSecuritiesSettlement.com.

20.     NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the Settlement website at www.GenworthSecuritiesSettlement.com or you may email the Claims Administrator's electronic filing department at info@GenworthSecuritiesSettlement.com. Any file not in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information. **Do not assume that your file has been received and processed until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@GenworthSecuritiesSettlement.com to inquire about your file and confirm it was received and acceptable.**

**IMPORTANT: PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS  ADMINISTRATOR TOLL FREE AT 844-804-4359.**

## PART III – SCHEDULE OF TRANSACTIONS IN GENWORTH COMMON STOCK

Complete this Part III if and only if you purchased or otherwise acquired publicly traded Genworth common stock during the period from October 30, 2013, through November 5, 2014, inclusive.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above.  Do not include information in this section regarding securities other than Genworth common stock.

**1.  BEGINNING HOLDINGS** – State the total number of shares of Genworth common stock held as of the opening of trading on October 30, 2013.  (Must be documented.)  If none, write "zero" or "0."

_____

**2.  PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD AND DURING THE 90-DAY LOOK-BACK PERIOD** – Separately list each and every purchase or acquisition (including free receipts) of publicly traded Genworth common stock from after the opening of trading on October 30, 2013, through and including the close of trading on February 3, 2015.  (Must be documented.)

| Date of Purchase/ Acquisition (MMDDYY) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**3.  SALES DURING THE SETTLEMENT CLASS PERIOD AND DURING THE 90-DAY LOOK-BACK PERIOD** – Separately list each and every sale or disposition (including free deliveries) of publicly traded Genworth common stock from after the opening of trading on October 30, 2013, through and including the close of trading on February 3, 2015. (Must be documented.)

**IF NONE, CHECK HERE** ○

| Date of Sale (MMDDYY) | Number of Shares Sold | Sale Price Per Share | Total |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**4. ENDING HOLDINGS** – State the total number of shares of publicly traded Genworth common stock held as of the close of trading on February 3, 2015. (Must be documented.) If none, write "zero" or "0."

_____

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**

## PART IV – SCHEDULE OF TRANSACTIONS IN GENWORTH BONDS

Complete this Part IV if and only if you purchased or otherwise acquired publicly traded Genworth Bonds during the period from October 30, 2013, through November 5, 2014, inclusive. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above. Do not include information in this section regarding securities other than Genworth Bonds.

**1. BEGINNING HOLDINGS** – State the total number of shares of publicly traded Genworth Bonds held as of the opening of trading on October 30, 2013. (Must be documented.)

| Month and Year of Bond Maturity (MMYYYY) | Face Value |
|---|---|
| | |
| | |
| | |

**2. PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD AND DURING THE 90-DAY LOOK-BACK PERIOD** – Separately list each and every purchase or acquisition (including free receipts) of publicly traded Genworth Bonds from after the opening of trading on October 30, 2013, through and including the close of trading on February 3, 2015. (Must be documented.)

| Month and Year of Bond Maturity (MMYYYY) | Date of Purchase (MMDDYY) | Face Value Purchased | Purchase Price Per Bond | Total Price |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

**3. SALES DURING THE SETTLEMENT CLASS PERIOD AND DURING THE 90-DAY LOOK-BACK PERIOD** – Separately list each and every sale or disposition (including free deliveries) of publicly traded Genworth Bonds from after the opening of trading on October 30, 2013, through and including the close of trading on February 3, 2015. (Must be documented.) | **IF NONE, CHECK HERE** ○

| Month and Year of Bond Maturity (MMYYYY) | Date of Sale (MMDDYY) | Face Value Sold | Sale Price Per Bond | Total Price |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

7

**4. ENDING HOLDINGS –** State the total amount of publicly traded Genworth Bonds held as of the close of trading on February 3, 2015. (Must be documented.)

| Month and Year of Bond Maturity (MMYYYY) | Face Value |
|---|---|
|  |  |
|  |  |
|  |  |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**

## PART V – RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.**

I (we) hereby acknowledge that as of the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, and assigns, in their respective capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever waived, released, relinquished, discharged, and dismissed each and every one of the Released Plaintiffs' Claims (as defined in the Stipulation and in the Notice) against each and every one of the Defendants' Releasees (as defined in the Stipulation and in the Notice); have and shall be deemed to have covenanted not to sue, directly or indirectly, any of the Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims; and shall forever be barred and enjoined from directly or indirectly, filing, commencing, instituting, prosecuting, maintaining, or intervening in any action, suit, cause of action, arbitration, claim demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon or arises out of any or all of the Released Plaintiffs' Claims against any of the Defendants and the other Defendants' Releasees.

**CERTIFICATION**

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) certifies (certify), as follows:

1. that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2. that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice and in paragraph 2 on page __ of this Claim Form, and is (are) not excluded from the Settlement Class by definition or pursuant to request as set forth in the Notice and in paragraph 3 on page __ of this Claim Form;

3. that I (we) own(ed) the publicly traded Genworth Securities identified in the Claim Form and have not assigned the claim against the Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

4. that the claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of publicly traded Genworth Securities and knows (know) of no other person having done so on the claimant's (claimants') behalf;

5. that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants')

8

claim and for purposes of enforcing the releases set forth herein;

      6.   that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator or the Court may require;

      7.   that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

      8.   that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

      9.   that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he, she or it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

Signature of claimant

Date   MM  –  DD  –  YY

Print your name here

Signature of joint claimant, if any

Date   MM  –  DD  –  YY

Print your name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

Signature of person signing on behalf of claimant

Print your name here

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, *etc.* (Must provide evidence of authority to act on behalf of claimant – see paragraph 14 on page __ of this Claim Form.)

Date   MM  –  DD  –  YY

## **REMINDER CHECKLIST:**

1. Please sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Please do not highlight any portion of the Claim Form or any supporting documents.

4. Do not send original security certificates or documentation.  These items cannot be returned to you by the Claims Administrator.

5. Keep copies of the completed Claim Form and documentation for your own records.

6. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 844-804-4359.**

7. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address.  If you change your name, please inform the Claims Administrator.

8. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@GenworthSecuritiesSettlement.com, or toll-free at 844-804-4359, or visit www.GenworthSecuritiesSettlement.com.  Please DO NOT call Genworth or any of the other Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN _____**, ADDRESSED AS FOLLOWS:

*In re Genworth Financial, Inc. Securities Litigation*
PO Box 4390
Portland, OR 97208-4390

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____ is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

# EXHIBIT A-3

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| IN RE GENWORTH FINANCIAL, INC. SECURITIES LITIGATION | Civ. A. No. 3:14-cv-00682-JAG<br><br>Hon. John A. Gibney, Jr.<br><br>**<u>CLASS ACTION</u>**<br><br>**<u>EXHIBIT A-3</u>** |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION,
PROVISIONAL CERTIFICATION OF SETTLEMENT CLASS,
AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING;
AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES
<u>AND REIMBURSEMENT OF LITIGATION EXPENSES</u>**

**TO:  All persons and entities who, during the period between October 30, 2013, and November 5, 2014, inclusive, purchased or otherwise acquired the publicly traded Genworth Securities (as defined below to include Genworth common stock and certain bonds) and were allegedly damaged thereby (the "Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of Virginia, that the above-captioned litigation (the "Action") has been provisionally certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action, Provisional Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").  "Genworth Securities" includes Genworth common stock (CUSIP No. 37247D106) and the following Genworth Bonds:  Fixed Senior Unsecured Notes due 5/22/2018; Fixed Senior Unsecured Notes due 6/15/2020; Fixed Senior Unsecured Notes due 2/15/2021; Fixed Senior Unsecured Notes due 9/24/2021; Fixed Senior Unsecured Notes due 8/15/2023; Fixed Senior Unsecured Notes due 2/15/2024; Fixed Senior Unsecured Notes due 6/15/2034; and Variable Junior Subordinated Notes due 11/15/2066.

YOU ARE ALSO NOTIFIED that Lead Plaintiffs in the Action have reached a proposed settlement of the Action for $219,000,000.00 USD in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on _____, 2016 at __:__ _.m., before the Honorable John A. Gibney, Jr., at the Spottswood W. Robinson III and Robert R. Merhige, Jr., Federal Courthouse, 701 East Broad Street, Richmond, VA 23219, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**.  If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *In re Genworth Financial, Inc. Securities Litigation*, P.O. Box 4390, Portland, OR 97208-4390, 1-844-804-4359.  Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.GenworthSecuritiesSettlement.com.

If you are a member of the Settlement Class, in order to be potentially eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* no later than _____, 2016.  If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than _____, 2016, in accordance with the instructions set forth in the Notice.  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* no later than _____, 2016, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Genworth, or its counsel regarding this notice.  All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
David R. Stickney, Esq.
12481 High Bluff Drive, Suite 300
San Diego, CA 92130

(866) 648-2524
blbg@blbglaw.com

or

BLEICHMAR FONTI & AULD LLP
Joseph A. Fonti, Esq.
7 Times Square, 27th Floor
New York, NY 10036
(888) 879-9418
jfonti@bfalaw.com

Requests for the Notice and Claim Form should be made to:

*In re Genworth Financial, Inc. Securities Litigation*
P.O. Box 4390
Portland, OR 97208-4390
(844) 804-4359
www.GenworthSecuritiesSettlement.com


By Order of the Court

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

IN RE GENWORTH FINANCIAL, INC. SECURITIES LITIGATION

Civ. A. No. 3:14-cv-00682-JAG

Hon. John A. Gibney, Jr.

**CLASS ACTION**

**EXHIBIT B**

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a class action is pending in this Court entitled *In re Genworth Financial, Inc. Securities Litigation*, Case No. 3:14-cv-00682 (E.D. Va.) (the "Action");

WHEREAS, (a) Lead Plaintiffs Her Majesty the Queen in Right of Alberta and Fresno County Employees' Retirement Association ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and (b) defendants Genworth Financial, Inc. ("Genworth"), and Thomas J. McInerney and Martin P. Klein (collectively, the "Individual Defendants," and, together with Genworth, the "Defendants"; and together with Lead Plaintiffs, the "Parties") have entered into a Stipulation and Agreement of Settlement (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____ __, 2016 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) provisionally certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed

Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____ __, 2016 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.      **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof the Stipulation and its exhibits filed with the Court on or about April 1, 2016.

3.      **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a)(1)-(4), 23(b) and 23(e) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities

2

who purchased or otherwise acquired the publicly traded Genworth Securities[1] during the Settlement Class Period, and were allegedly damaged thereby.  Excluded from the Settlement Class are (i) Defendants; (ii) Officers and directors of Genworth during the Settlement Class Period; (iii) members of the Immediate Families of the Individual Defendants and of the Officers and directors of Genworth; (iv) any entity in which any Defendant had and/or has a controlling interest during the Settlement Class Period; (v) Defendants' Directors and Officers Liability Program insurers for the period March 31, 2014 to March 31, 2015; (vi) any affiliates or subsidiaries of Genworth; and (vii) the legal representatives, heirs, agents, affiliates, successors or assigns of any excluded person or entity.  Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto who are excluded from the Settlement Class pursuant to their valid and timely requests for exclusion.  Notwithstanding the foregoing, Genworth's employee retirement and benefit plan shall not be deemed an affiliate of any Defendant, except that any Claim submitted on behalf of Genworth's employee retirement and benefit plan shall be pro-rated to exclude the proportion owned by the Defendants and other specifically excluded Persons.

4.      **<u>Adequacy of Representation</u>** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Lead Plaintiffs as Class Representatives for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class.  Lead Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in

---

[1] "Genworth Securities" means the following securities:  Genworth common stock (CUSIP No. 37247D106) and Fixed Senior Unsecured Notes due 5/22/2018; Fixed Senior Unsecured Notes due 6/15/2020; Fixed Senior Unsecured Notes due 2/15/2021; Fixed Senior Unsecured Notes due 9/24/2021; Fixed Senior Unsecured Notes due 8/15/2023; Fixed Senior Unsecured Notes due 2/15/2024; Fixed Senior Unsecured Notes due 6/15/2034; and Variable Junior Subordinated Notes due 11/15/2066 (the "Genworth Bonds").

terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.    **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4*, as amended, and all other applicable law and rules.

6.    **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class.  The Parties are directed to

implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.      The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.      **<u>Binding Effect</u>** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to their valid and timely requests and are not bound by the terms of the Stipulation or this Judgment.

9.      **<u>Releases</u>** – The Releases set forth in paragraphs 6 and 7 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.   The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)      Upon the Effective Date of the Settlement, the Releasing Plaintiffs (i) have and shall be deemed to have fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Released Plaintiffs' Claims against each and every one of the Defendants' Releasees; (ii) have and shall be deemed to have covenanted not to sue, directly or indirectly, any of the Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims; and (iii) shall forever be barred and enjoined from directly or indirectly, filing,

commencing, instituting, prosecuting, maintaining, or intervening in any action, suit, cause of action, arbitration, claim demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon or arises out of any or all of the Released Plaintiffs' Claims against any of the Defendants and the other Defendants' Releasees.  All Releasing Plaintiffs shall be bound by the terms of the releases set forth in the Stipulation and this Judgment, whether or not they submit a valid and timely Claim Form, take any other action to obtain recovery from the Settlement Fund, or seek, or actually receive a distribution from the Net Settlement Fund.

(b)     Upon the Effective Date of the Settlement, the Defendants' Releasees shall be deemed to have fully, finally and forever waived, released, discharged and dismissed each and every one of the Released Defendants' Claims against each and every one of the Lead Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from directly or indirectly, filing, commencing, instituting, prosecuting, maintaining, intervening in, participating in (as a class member or otherwise), or receiving any benefits or other relief, from any action, suit, cause of action, arbitration, claim demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon, arises out of, or relates to any or all of the Released Defendants' Claims against any of the Lead Plaintiffs and the other Plaintiffs' Releasees.   This Release shall not apply to any person or entity listed on Exhibit 1 hereto.

10.     Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11.     **Rule 11 Findings** – Pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. 78u-4(c)(1), the Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12.     **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any allegation by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding;

(b)     shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not

7

have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding; or

(c)       shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial;

*provided, however*, that, notwithstanding the foregoing, the Parties and the Releasees and their respective counsel may file or refer to the Stipulation or this Judgment in any action that may be brought to enforce the terms of the Stipulation or this Judgment.

13.       **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

14.       Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15.       **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the

8

Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Lead Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of March 11, 2016, and funds returned, as provided in the Stipulation.

17.     **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 2016.


_____
The Honorable John A. Gibney, Jr.
United States District Judge

9

**Exhibit 1**

**[List of Persons and Entities Excluded from the Settlement Class Pursuant to Request]**