IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

IN RE: GENWORTH FINANCIAL
SECURITIES LITIGATION

Civil Case No.: 3:14-cv-682-JAG

ORDER AWARDING ATTORNEYS' FEES
AND REIMBURSEMENT OF LITIGATION EXPENSES

This matter comes before the Court on the Plaintiffs' Counsel's Motion for an Award of Attorneys' Fees and Payment of Litigation Expenses (the "Fees and Expenses Motion" (Dk. 205)).[1] The Court heard argument at a hearing on July 20, 2016, regarding this motion, among other issues. The Court having reviewed and considered all documents, evidence, and arguments related to the Fees and Expenses Motion, the Notice having been sent to over 105,000 potential Settlement Class Members and the Summary Notice having been published in *The Wall Street Journal* and *Investor's Business Daily* and transmitted over the *PR Newswire*, and the Court having considered and determined the reasonableness of the attorneys' fees and expenses requested:

IT IS HEREBY ORDERED that:

1. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members and the Claims Administrator.

---

[1] All capitalized terms not defined herein have the same meanings set forth and defined in the Stipulation and Agreement of Settlement, dated April 1, 2016 (the "Stipulation" (Dk. No. 196-1)).

2. Notice of Lead Counsel's motion for attorneys' fees and payment of expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for attorneys' fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

3. The Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of $61,320,000 (28 percent of the Settlement Fund), plus interest at the same rate earned by the Settlement Fund, and are hereby reimbursed for litigation expenses in the amount of $3,835,741.96, plus interest at the same rate earned by the Settlement Fund, both of which figures the Court finds to be fair and reasonable under the particular circumstances of this case. The Court notes that the plaintiff's counsel's air travel was only at coach rates.

4. In accordance with 15 U.S.C. §78u-4(a)(4), co-Lead Plaintiff Her Majesty the Queen in Right of Alberta is hereby reimbursed $16,405.00, and co-Lead Plaintiff Fresno County Employees' Retirement Association is hereby reimbursed $6,723.73, both of which figures the Court finds to represent reimbursement for fair and reasonable expenses and costs directly related to Lead Plaintiffs' representation of the Settlement Class.

5. In making the award to the Plaintiffs' Counsel of reasonable attorneys' fees and litigation expenses, and to Lead Plaintiffs for reimbursement of reasonable expenses and costs, the Court has considered and found that:

a. The Settlement has created a positive litigation outcome of $219 million to be placed in a common fund, from which Settlement Class Members who submit acceptable Claim Forms will benefit.

b. The attorneys' fees and litigation expenses awarded to the Plaintiffs' Counsel were reviewed and approved as fair and reasonable by Lead Plaintiffs.

c. Lead Plaintiffs are sophisticated institutional investors that have been directly and extensively involved in the prosecution and resolution of the Action and have a substantial interest in ensuring that any fees paid to the Plaintiffs' Counsel are duly earned and not excessive.

d. Notice was disseminated to potential Settlement Class Members stating that Lead Counsel would be moving for attorneys' fees in an amount not to exceed 29 percent of the Settlement Fund, and for reimbursement of litigation expenses, and of Lead Plaintiffs' reasonable expenses and costs directly related to their representation of the Settlement Class, in an amount not to exceed $4.5 million.

e. There were no objections to the requested award of attorneys' fees, to the requested reimbursement of litigation expenses, or to reimbursement of Lead Plaintiffs' reasonable expenses and costs.

f. The Plaintiffs' Counsel have expended over 66,000 hours of time and effort pursuing the Action on behalf of the Settlement Class with a lodestar value of $31,127,096.75. The fee awarded results in a multiplier of 1.97, which is reasonable in light of comparable settlements.

g. The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings at both trial and potentially on appeal, whose resolution would be uncertain.

h. Lead Counsel pursued the Action on a contingent basis, undertaking a risk of non-payment in the event of losing the Action and receiving no compensation during the Action's pendency.

i. The parties litigated this matter fiercely: briefing a motion to dismiss, conducting 30 depositions, reviewing millions of pages of discovery, moving for class certification, engaging experts, fully briefing summary judgment, and beginning trial preparations.

j. The Plaintiffs' Counsel conducted the Action and achieved the Settlement with skillful and diligent advocacy.

k. The Plaintiffs' Counsel's application for attorneys' fees and expenses is supported by the sworn declarations of Magistrate Judge John Facciola (Ret., D.D.C.), and Hugh M. Fain, III, Esq. of Spotts Fain PC.

l. Public policy considerations favor the award of reasonable attorneys' fees in securities class action litigation.

m. The amount of attorneys' fees awarded is fair, reasonable, and consistent with awards in similar cases.

6. The attorneys' fees and litigation expenses described above are to be paid according to the terms, conditions, and obligations of the Stipulation, which this Order hereby incorporates by reference.

7. Pursuant to Paragraph 20 of the Stipulation, the attorneys' fees and Litigation Expenses awarded above may be paid to Lead Counsel immediately upon entry of this Order, notwithstanding any appeal therefrom, on the terms set forth in the Stipulation.

8. Any appeal or any challenge affecting any aspect of this Order shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

9. This Court retains exclusive jurisdiction over the subject matter of this Action and over all parties to the Action, including jurisdiction over the administration and distribution of the Net Settlement Fund to Settlement Class Members.

10. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

11. There is no just reason for delay in the entry of this Order, and immediate entry of this Order by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

Date: September 26, 2016
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge